Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiffs, Margaret Goode

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, |
JESSICA DEQUITO, THERESA ATWATER, JACQUELINE |
BALLINGER, and RENA PIERCE, |

        | Civil Action No. _____

          Plaintiffs      |

                    |       **COMPLAINT**

          vs.         |

                    |       Jury trial  [x] yes   [ ] no

CAMDEN CITY SCHOOL DISTRICT, PAYMON |
ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, |
GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON |
BAYNES, and GENEVIEVE BYRD-ROBINSON,    |
_____Defendants_____ |_____

PARTIES

1. Plaintiff, MARGARET GOODE, is an individual who resides at 219 Sugartown Road, Apt. L-302, Wayne, Delaware County, Pennsylvania 19087.

2. Plaintiff, NICOLE MANN, is an individual who resides at 1015 Van Kirk Street, Philadelphia, Pennsylvania 19149.

3. Plaintiff, DOLORES EVERETTE, is an individual who resides at 590 North Atlantic Avenue, Apt. 205, Collingswood, Camden County, New Jersey 08108.

4. Plaintiff, JESSICA DEQUITO, is an individual who resides at 43 East Black Horse Pike, Pleasantville, Atlantic County, New Jersey 08232.

5. Plaintiff, THERESA ATWATER, is an individual who resides at 1141 Carl Miller Boulevard, Camden, Camden County, New Jersey 08104.

6. Plaintiff, JACQUELINE BALLINGER, is an individual who resides at 1 Countryside Circle, Clayton, Gloucester County, New Jersey 08312.

7. Plaintiff, RENA PIERCE, is an individual who resides at 5 Morris Drive, Sicklerville, Camden County, New Jersey 08081.

8. Defendant, CAMDEN CITY SCHOOL DISTRICT, is a public entity, with offices at 201 North Front Street, Camden, Camden County, New Jersey 08102.

9. Defendant, PAYMON ROUHANIFARD, sued in his official and individual capacity, is the state-appointed Superintendent of Schools for the CAMDEN CITY SCHOOL DISTRICT, with offices at 201 North Front Street, Camden, Camden County, New Jersey 08102.

10. Defendant, KEITH MILES, sued in his official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

11. Defendant, HYE-WON GEHRING, sued in her official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

12. Defendant, GLORIA MARTINEZ-VEGA, sued in her official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

13. Defendant, LAURA BOYCE, sued in her official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

14. Defendant, CAMERON BAYNES, sued in his official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

15. Defendant, GENEVIEVE BYRD-ROBINSON, sued in her official and individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

JURISDICTION

16. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Section 1331 and Section 1343.

STATEMENT OF THE CASE

17. Plaintiff, MARGARET GOODE, Date of Birth January 26, 1951, was a qualified middle school science teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 school year.

2

18. Plaintiff, NICOLE MANN, Date of Birth June 20, 1975, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 school year.

19. Plaintiff, DOLORES EVERETTE, Date of Birth November 13, 1939, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the Rafael Cordero Molina Elementary School, located at 601 Vine Street, Camden, New Jersey 08102 for the 2013-2014 school year.

20. Plaintiff, JESSICA DEQUITO, Date of Birth July 16, 1954, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 school year.

21. Plaintiff, THERESA ATWATER, Date of Birth May 21, 1960, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 school year.

22. Plaintiff, JACQUELINE BALLINGER, Date of Birth March 3, 1965, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the Cooper B. Hatch Family School, located at 1875 Park Boulevard, Camden, New Jersey 08103 for the 2013-2014 school year.

23. Plaintiff, RENA PIERCE, Date of Birth April 28, 1950, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at Woodrow Wilson High School, located at 3100 Federal Street, Camden, New Jersey 08105 for the 2014-2015 school year.

24. Defendant, PAYMON ROUHANIFARD, was a state-appointed official, who, as Superintendent of Schools for the CAMDEN CITY SCHOOL DISTRICT, was a decisionmaker who possessed final authority to establish school district policy with respect to all actions ordered.

25. Defendant, PAYMON ROUHANIFARD, was responsible for establishing all final school district policy with respect to all actions which form the subject matter of this suit.

26. Defendant, KEITH MILES, was a co-principal of R.T. Cream Family School for the 2013-2014 school year, and the principal of Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years, and was responsible for establishing all school policy within his school(s) that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

27. Defendant, HYE-WON GEHRING, was a co-principal of R.T. Cream Family School for the 2013-2014 school year, and the principal of R.T. Cream Family School for the 2014-2015 school year, and was responsible for establishing all school policy within her school that

was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

28. Defendant, GLORIA MARTINEZ-VEGA, was the principal of Rafael Cordero Molina Elementary School for the 2013-2014 and 2014-2015 school years, and was responsible for establishing all school policy within her school that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

29. Defendant, LAURA BOYCE, was the principal of Cooper B. Hatch Family School for the 2013-2014 and 2014-2015 school years, and was responsible for establishing all school policy within her school that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

30. Defendant, CAMERON BAYNES, was a lead educator at Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years.

31. Defendant, GENEVIEVE BYRD-ROBINSON, was a lead educator at Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years.

32. In 2012, the Legislature enacted the Teacher Effectiveness and Accountability for the Children of New Jersey (TEACHNJ) Act, N.J.S.A. 18A:6-117 *et seq.* ("The Act").

33. "The Act" empowered school districts to develop their own evaluation rubrics to assess teacher effectiveness, subject to review and approval by the Commissioner of Education.  N.J.S.A. 18A:6-122.

34. The evaluation rubrics which were mandated by "The Act" were required to include, at a minimum, four defined annual summative ratings categories for teachers: ineffective, partially effective, effective, and highly effective.  N.J.S.A. 18A:6-123(b).

35.  "The Act" fundamentally changed the process by which teachers maintain their tenure by requiring district superintendents to forward a tenure charge of inefficiency to the Commissioner if:

   a) The annual summative rating is partially effective and the teacher receives an annual summative rating of ineffective the next school year, N.J.S.A. 18A:6-17.3a(1), or

   b) The annual summative rating is partially effective and the teacher receives an annual summative rating of partially effective the next school year, except that upon a finding of exceptional circumstances by the district superintendent deferment of the forwarding of tenure charges would be permitted pending the next annual evaluation.  N.J.S.A. 18A:6-17.3a(2).

36. Prior to November 12, 2013, the Defendants, CAMDEN CITY SCHOOL DISTRICT and PAYMON ROUHANIFARD, introduced, established, and required to be implemented a policy ("The policy") to utilize the teacher evaluation rubrics mandated by "The Act" and the annual summative rating arrived at using the teacher evaluation rubrics, as a pretext to pressure teachers with tenure who were over the age of forty to retire from the district.

4

37. "The Policy" required collaboration by the evaluators of the affected teachers, who collaborated by following instructions originating from the Defendant, PAYMON ROUHANIFARD, to write false, undeserved, and unwarranted evaluations of the affected teachers utilizing the teacher evaluation rubrics ("the Charlotte Danielson rubrics") adopted by the district.

38. Teachers, who were union members, were party to a union contract ("The Union Contract") with the Defendant, CAMDEN CITY SCHOOL DISTRICT.

39. "The Union Contract" provided that (1) Teachers shall be evaluated only by persons certified by the New Jersey State Board of Examiners to supervise instruction and employed as an administrator, Article X Paragraph A(4); (2) Information related to the evaluation of a particular employee shall be maintained by the school district, shall be confidential, and shall not be accessible to the public, Article X Paragraph A(5); (3) Teachers shall be informed when an evaluation, of which a recording will be made, is being conducted.  The use of eavesdropping tape recording, cameras, and any other electronic devices shall not be used in observation of a teacher's performance without the permission of the teacher, Article X Paragraph B; and (4) The procedures and criteria to be utilized shall be made available to all employees prior to their being evaluated, Article X, paragraph C(1).

40. Contrary to the provisions of "The Union Contract," the Defendant, CAMDEN CITY SCHOOL DISTRICT, did not evaluate teachers only by persons certified by the New Jersey State Board of Examiners to supervise instruction and employed as an administrator.

41. Contrary to the provisions of "The Union Contract," the Defendant, CAMDEN CITY SCHOOL DISTRICT, did not keep information related to the evaluation of a particular employee confidential.

42. Contrary to the provisions of "The Union Contract," teachers were surreptitiously recorded during the course of evaluations by direction of the Defendant, CAMDEN CITY SCHOOL DISTRICT.

43.  Contrary to the provisions of "The Union Contract," the criteria to be utilized for evaluations were not made available to all employees prior to their being evaluated by the Defendant, CAMDEN CITY SCHOOL DISTRICT.

44. "The Policy" required collaboration by the principals in the schools which employed the affected teachers, who were instructed by the Defendant, PAYMON ROUHANIFARD, to (1) either perform the evaluations of the affected teachers personally by giving false, undeserved, and unwarranted low scores, or (2) select evaluators who would collaborate with "The Policy" by giving false, undeserved, and unwarranted low scores.

45. The Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, collaborated with "The Policy" during the 2013-2014, 2014-2015, and 2015-2016 school years.

46. During the 2013-2014 school year, the Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, and LAURA BOYCE implemented "The Policy" as instructed by the Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false, undeserved, and unwarranted low scores, or by selecting evaluators who would give false, undeserved, and unwarranted low scores.

47. During the 2014-2015 school year, the Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON implemented "The Policy" as instructed by the Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false, undeserved, and unwarranted low scores, or by selecting evaluators who would give false, undeserved, and unwarranted low scores.

48. During the 2015-2016 school year, the Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON implemented "The Policy" as instructed by the Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false, undeserved, and unwarranted low scores, or by selecting evaluators who would give false, undeserved, and unwarranted low scores.

49. The acts of Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON in implementing "The Policy" as set forth above, were adverse employment actions in their effects upon the Plaintiffs.

50. Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, who were affected by the adverse employment actions as set forth above, were replaced by sufficiently younger workers to permit a reasonable inference of age discrimination.

51. The evidence that "The Policy" was executed by the Defendants, KEITH MILES, HYE-WON GERHRING, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON time and again on employees over the age of forty of the Defendant, CAMDEN CITY SCHOOL DISTRICT, serves to discredit the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered legitimate reasons for the employment actions taken in regard to the Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE.

52. The ability of the Plaintiffs to put forth weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the Defendant, CAMDEN CITY SCHOOL DISTRICT's evaluations of the Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE serves to further discredit the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered legitimate reasons for the employment actions taken in regard to those Plaintiffs.

53. By discrediting the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered reasons for the employment actions taken in regard to them, Plaintiffs, MARGARET GOODE, NICOLE

MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, can establish that the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered reasons for the employment actions taken in regard to them were pretextual for age discrimination.

54. Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, had a protected fundamental liberty interest to pursue a calling or occupation.

55. Plaintiffs were unreasonably deprived of their fundamental liberty interest to pursue a calling or occupation by the adverse employment actions of Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON.

56. The adverse employment actions of Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON were arbitrary, capricious, irrational, done with deliberate indifference, and/or tainted by improper motive such as intent to injure in some way unjustifiable by any legitimate government interest.

57. The arbitrary, capricious, irrational, deliberately indifferent, and/or improperly motivated actions by Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARITNEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON were sufficient to shock the conscience.

58. Defendant, PAYMON ROUHANIFARD, had overall responsibility to Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, for the consequences of "The Policy" as an official with final policymaking authority who established an unconstitutional policy that, when implemented injured all of the Plaintiffs.

59. The adverse employment actions of Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON were done in conspiracy to unreasonably deprive Plaintiffs of their protected fundamental liberty interest to pursue a calling or occupation.

60. Defendant, CAMDEN CITY SCHOOL DISTRICT, is responsible for the actions of the Defendant, PAYMON ROUHANIFARD, in establishing and requiring implementation of "The Policy," as aforesaid, because those actions may fairly be said to represent official policy of the municipal entity, CAMDEN CITY SCHOOL DISTRICT

MARGARET GOODE

61. Plaintiff, MARGARET GOODE, was evaluated under "the Charlotte Danielson rubric" (1) by the Defendant, KEITH MILES, on November 4 & 12, 2013; (2) by the Defendant, HYE-WON GEHRING, on January 24, 2014; (3) by Nikia Whitaker on March 10, 2014; (4) by Brita Threadford-Woodard on March 24, 2014; and (5) by the Defendant, HYE-WON GEHRING, on March 26, 2014.

62. Plaintiff, MARGARET GOODE, received her first evaluation of partially effective or worse on January 24, 2014 by the Defendant, HYE-WON GEHRING.

63. On January 24, 2014, the Defendant, HYE-WON GEHRING, entered Plaintiff, MARGARET GOODE's science classroom unannounced.

64. Plaintiff, MARGARET GOODE, approached the Defendant, HYE-WON GEHRING, and informed the Defendant, HYE-WON GEHRING,  that the class would not be on the receiving end of an instructional lesson that day – they would be reviewing for a test for part of the allotted time - and would be taking the test for the remainder of the allotted time.

65. The Defendant, HYE-WON GEHRING, elected to stay and observe the class review for a test.

66. By electing to stay, the Defendant, HYE-WON GEHRING, knew she would not be observing an instructional lesson.

67. Notwithstanding that she knew she was not observing an instructional lesson on January 24, 2014, the Defendant, HYE-WON GEHRING, wrote an evaluation for the January 24, 2014 observation as if she had observed an instructional lesson.

68. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the January 24, 2014 observation was written as if the evaluator had observed an instructional lesson, and the score was underserved, subjective and unwarranted, the written evaluation was arbitrary, capricious and unfair.

69. Beginning on February 18, 2014, Plaintiff, MARGARET GOODE, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School.

70. The intentional discrimination which Plaintiff, MARGARET GOODE, was forced to suffer was directed to her by way of oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES and HYE-WON GEHRING, during the workday at R.T. Cream Family School.

71. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated

basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, MARGARET GOODE.

72. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, MARGARET GOODE.

73. Plaintiff, MARGARET GOODE, received her second evaluation of partially effective or worse on March 24, 2014 by Brita Threadford-Woodard.

74. Because the written evaluation by Brita Threadford-Woodard for the March 24, 2014 observation contained false, contradictory, and inconsistent information, and the score was underserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

75. Plaintiff, MARGARET GOODE, received her third evaluation of partially effective or worse on March 26, 2014 by the Defendant, HYE-WON GEHRING.

76. Because the written evaluation by Defendant, HYE-WON GEHRING, for the March 26, 2014 observation contained false, contradictory, and inconsistent information, and the score was underserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

77. By letters from Plaintiff dated May 12, 2014, May 27, 2014, June 10, 2014, and June 23, 2014, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, were made aware of the arbitrary, capricious and unfair evaluations and the oral and written, severe extreme derogatory age-related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, repeated basis.

78. Notwithstanding being put on notice by Plaintiff of the arbitrary, capricious and unfair evaluations and the oral and written, severe, extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, reacted with deliberate indifference, and took no action to put an end to the arbitrary, capricious and unfair evaluations, and the oral and written, severe, extreme derogatory age-related remarks and remedial requirements to which Plaintiff was being subjected on a frequent, pervasive, repeated basis.

79. Plaintiff, MARGARET GOODE, received a summative score for the 2013-2014 school year of 2.6, partially effective, which was .05 less than the 2.65 summative score needed to be effective, and she was put on a CAP for the 2014-2015 school year.

80. On August 21, 2014, Plaintiff, MARGARET GOODE, filed a Petition with the Department of Education, Bureau of Controversies and Disputes, alleging that the Defendants, KEITH MILES and HYE-WON GEHRING, acted improperly with respect to her teacher evaluations for the 2013-2014 school year.

81. The filing of a Petition alleging improper acts with the Department of Education is a protected activity.

82. Plaintiff, MARGARET GOODE, was evaluated under "the Charlotte Danielson rubric" for the 2014-2015 school year (1) by Natalie Goode, on September 12, 2014; (2) by the Defendant, HYE-WON GEHRING, on October 15, 2014; (3) by the Defendant, HYE-WON GEHRING, on November 19, 2014; (4) by Hope Edwards-Perry on March 12, 2015; and (5) by Christie Whitzell on April 29, 2015.

83. Beginning on September 11, 2014, Plaintiff, MARGARET GOODE, was again forced to suffer intentional discrimination because of her age for the duration of the 2014-2015 school year at her work location of R.T. Cream Family School.

84. The intentional discrimination which Plaintiff, MARGARET GOODE, was forced to suffer was directed to her by way of oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendant, HYE-WON GEHRING, during the workday at R.T. Cream Family School.

85. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, MARGARET GOODE.

86. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, MARGARET GOODE.

87. Plaintiff, MARGARET GOODE, received her first evaluation of partially effective or worse on September 12, 2014 by Natalie Goode.

88. Because the written evaluation by Natalie Goode for the September 12, 2014 observation contained false, contradictory and inconsistent information, and the score was underserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

89. Plaintiff, MARGARET GOODE, received her second evaluation of partially effective or worse on October 15, 2014 by the Defendant, HYE-WON GEHRING.

90. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the October 15, 2014 observation contained false, contradictory and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

91. Plaintiff, MARGARET GOODE, received her third evaluation of partially effective or worse on November 19, 2014 by the Defendant, HYE-WON GEHRING.

92. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the November 19, 2014 observation contained false, contradictory and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

93. The continuation of the oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis beginning on September 11, 2014 and continuing for the duration of the 2014-2015 school year by the Defendants, HYE-WON GEHRING and KEITH MILES, during the workday at R.T. Cream Family School, were ongoing antagonistic conduct on the part of the Defendants, CAMDEN CITY SCHOOL DISTRICT, HYE-WON GEHRING, and KEITH MILES.

94. The collective acts of ongoing antagonistic conduct on the part of the Defendants, CAMDEN CITY SCHOOL DISTRICT, HYE-WON GEHRING, and KEITH MILES support an inference of causation that the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year were in retaliation for Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes, on August 21, 2014.

95. There is temporal proximity between Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes on August 21, 2014 and the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year.

96. The temporal proximity between Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes on August 21, 2014 and the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year supports an inference of causation that the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year were in retaliation for Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes, on August 21, 2014.

97. The inferences of causation against Defendant, HYE-WON GEHRING, provide a causal connection that the execution of evaluations of partially effective or worse to the detriment of Plaintiff during the 2014-2015 school year were in retaliation for Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes, on August 21, 2014.

98. The filing of a Petition with the Department of Education, Bureau of Controversies and Disputes, on August 21, 2014 by Plaintiff was a substantial factor in the retaliatory action conducted by Defendants, HYE-WON GEHRING and KEITH MILES, during the 2014-2015 school year.

99. Defendants', HYE-WON GEHRING and KEITH MILES' retaliatory actions during the 2014-2015 school year were sufficient to deter a person of ordinary firmness from exercising her First Amendment rights.

100.     Prior to April 29, 2015, Plaintiff, MARGARET GOODE, had a summative score for the 2014-2015 school year of 2.65 or higher, which was enough to be deemed effective.

101.     By succeeding in being effective for the 2014-2015 school year, Plaintiff, MARGARET GOODE, assured her continued employment as a middle school science teacher with tenure with the Defendant, CAMDEN CITY SCHOOL DISTRICT, at least through the 2016-2017 school year.

102.     Prior to April 29, 2015, the Defendant, HYE-WON GEHRING, acted in further implementation of "The Policy" by bringing in Christie Whitzell as an evaluator to evaluate Plaintiff, MARGARET GOODE, a fifth time in the 2014-2015 school year.

103.     Christie Whitzell received instructions from the Defendant, HYE-WON GEHRING, to collaborate in the implementation of "The Policy" by giving Plaintiff, MARGARET GOODE, a low score on the upcoming evaluation.

104.     Plaintiff, MARGARET GOODE, received her fourth evaluation of partially effective or worse on April 29, 2015 by Christie Whitzell.

105.     By giving Plaintiff, MARGARET GOODE, a low score on the April 29, 2015 evaluation, Christie Whitzell collaborated in the implementation of "The Policy" as per the instructions of the Defendant, HYE-WON GEHRING.

106.     Because the evaluation by Christie Whitzell for the April 29, 2015 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the evaluation was arbitrary, capricious, unfair, and done with deliberate indifference as to the consequences.

107.     Plaintiff, MARGARET GOODE, received a summative score for the 2014-2015 school year of 2.62, partially effective, which was .03 less than the 2.65 summative score needed to be effective.

108.     By letter from Plaintiff dated July 7, 2015, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, were made aware of the ongoing arbitrary, capricious and unfair evaluations and the ongoing oral and written, severe extreme derogatory age-related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, repeated basis.

109.     Notwithstanding being put on notice by Plaintiff of the ongoing arbitrary, capricious and unfair evaluations and the ongoing oral and written, severe extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, reacted with deliberate indifference, and took no action to rescind the effects of the ongoing arbitrary, capricious and unfair evaluations and to mitigate the impact of the ongoing oral and written, severe extreme derogatory age-related remarks and remedial requirements, to which Plaintiff had been subjected on a frequent, pervasive, repeated basis.

110.     By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, MARGARET GOODE, was notified that she was being brought up on tenure charges of

inefficiency, unbecoming conduct and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

111.      Plaintiff, MARGARET GOODE, was forced to retire from the district effective October 1, 2015 and by retiring gave up her right to contest the tenure charges filed against her.

112.      The circumstances which forced Plaintiff to retire were that (1) she could not afford to be suspended without pay for one hundred twenty days, and (2) she could not afford to risk losing her pension, benefits and certification.

113.      Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.

NICOLE MANN

114.      Plaintiff, NICOLE MANN, was evaluated under "the Charlotte Danielson rubric" (1) by the Defendant, HYE-WON GEHRING, on December 11, 2013; (2) by the Defendant, KEITH MILES, on January 17, 2014; and by Albert Wagner on March 6, 2014.

115.      Plaintiff, NICOLE MANN, received her first evaluation of partially effective or worse on December 11, 2013 by the Defendant, HYE-WON GEHRING.

116.      Because the written evaluation by Defendant, HYE-WON GEHRING, for the December 11, 2013 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

117.      Plaintiff, NICOLE MANN, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2013-2014 school year.

118.      Plaintiff, NICOLE MANN, received her second evaluation of partially effective or worse on January 17, 2014 by the Defendant, KEITH MILES.

119.      Because the written evaluation by Defendant, KEITH MILES, for the January 17, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

120.      Plaintiff, NICOLE MANN, received her third evaluation of partially effective or worse on March 6, 2014 by Albert Wagner.

121.      Because the written evaluation by Albert Wagner for the March 6, 2014 observation contained false, contradictory, and inconsistent information, and the score

was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

122.    Plaintiff, NICOLE MANN, received a summative score for the 2013-2014 school year of 2.19, partially effective, and was put on a CAP for the 2014-2015 school year.

123.    Plaintiff, NICOLE MANN, was evaluated for the 2014-2015 school year (1) by Natalie Goode on or about September 15, 2014; (2) by the Defendant, HYE-WON GEHRING, on December 15, 2014; (3) by the Defendant, HYE-WON GEHRING, on January 22, 2015; and (4) by Hope Edwards-Perry on March 21, 2015.

124.    Plaintiff, NICOLE MANN, received her first evaluation of partially effective or worse on December 15, 2014 by the Defendant, HYE-WON GEHRING.

125.    Because the written evaluation by the Defendant, HYE-WON GEHRING, for the December 15, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

126.    Plaintiff, NICOLE MANN, was again forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2014-2015 school year.

127.    Plaintiff, NICOLE MANN, received her second evaluation of partially effective or worse on January 22, 2015 by the Defendant, HYE-WON GEHRING.

128.    Because the written evaluation by the Defendant, HYE-WON GEHRING, for the January 22, 2015 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

129.    Plaintiff, NICOLE MANN, received a summative score for the 2014-2015 school year of 2.58, partially effective, which was .07 less than the 2.65 summative score needed to be effective.

130.    By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, NICOLE MANN, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

131.    Plaintiff, NICOLE MANN, was forced to resign from the district effective October 22, 2015 and by resigning gave up her right to contest the tenure charges filed against her.

132.    The circumstances which forced Plaintiff to resign were that (1) she could not afford to risk tarnishing her good name, and (2) she could not afford to risk losing her pension, benefits and certification.

133.    Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.

DOLORES EVERETTE

134.     Plaintiff, DOLORES EVERETTE, was, according to the Defendant, CAMDEN CITY SCHOOL DISTRICT, allegedly evaluated under "the Charlotte Danielson rubric" (1) by Christie Whitzell on November 19, 2013; (2) by the Defendant, GLORIA MARTINEZ-VEGA, on January 23, 2014; and (3) by Albert Wagner on March 21, 2014.

135.     Plaintiff, DOLORES EVERETTE, denies that any of these observations actually took place.

136.     Plaintiff, DOLORES EVERETTE, further alleges that all written evaluations arising out of alleged observations which never actually took place are fraudulent.

137.     Plaintiff, DOLORES EVERETTE, received her first alleged evaluation of partially effective or worse on November 19, 2013 by Christie Whitzell.

138.     Because the written evaluation by Christie Whitzell for the November 19, 2013 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

139.     Plaintiff, DOLORES EVERETTE, received her second alleged evaluation of partially effective or worse on January 23, 2014 by the Defendant, GLORIA MARTINEZ-VEGA.

140.     Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for the January 23, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

141.      Plaintiff, DOLORES EVERETTE, was forced to suffer intentional discrimination because of her age at her work location of Rafael Cordero Molina Elementary School.

142.     Plaintiff, DOLORES EVERETTE, received her third alleged evaluation of partially effective or worse on March 21, 2014 by Albert Wagner.

143.     Because the written evaluation by Albert Wagner for the March 21, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

144.     Plaintiff, DOLORES EVERETTE, received a summative score for the 2013-2014 school year of 2.0, partially effective, and was put on a CAP for the 2014-2015 school year.

145.     Plaintiff, DOLORES EVERETTE, was, according to the Defendant, CAMDEN CITY SCHOOL DISTRICT, allegedly evaluated for the 2014-2015 school year (1) by Defendant, GLORIA MARTINEZ-VEGA on September 30, 2014; (2) by Corinne Maggi on October 22, 2014; (3) by Defendant, GLORIA MARTINEZ-VEGA, on December 10, 2014; (4) by Corinne Maggi on February 10, 2015; and (5) by Jill Trainor on February 26, 2015.

146.     Plaintiff, DOLORES EVERETTE, denies that any of these evaluations actually took place.

15

147.     Plaintiff, DOLORES EVERETTE, further alleges that all written evaluations arising out of alleged observations which never actually took place are fraudulent.

148.     Beginning on or about September 30, 2014, Plaintiff, DOLORES EVERETTE, was again forced to suffer intentional discrimination because of her age for the duration of the 2014-2015 school year at her work location of Rafael Cordero Molina Elementary School.

149.     Plaintiff, DOLORES EVERETTE, received her first alleged evaluation of partially effective or worse on September 30, 2014 by Defendant, GLORIA MARTINEZ-VEGA.

150.     Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for the September 30, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

151.     Plaintiff, DOLORES EVERETTE, received her second alleged evaluation of partially effective or worse on October 22, 2014 by Corinne Maggi.

152.     Because the written evaluation by Corinne Maggi for the October 22, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

153.     Plaintiff, DOLORES EVERETTE, received her third alleged evaluation of partially effective or worse on December 10, 2014 by the Defendant, GLORIA MARTINEZ-VEGA.

154.     Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for the December 10, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

155.     Plaintiff, DOLORES EVERETTE, received her fourth alleged evaluation of partially effective or worse on February 10, 2015 by Corinne Maggi.

156.     Because the written evaluation by Corinne Maggi for the February 10, 2015 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

157.     Plaintiff, DOLORES EVERETTE, received her fifth alleged evaluation of partially effective or worse on February 26, 2015 by Jill Trainor.

158.     Because the written evaluation by Jill Trainor for the February 26, 2015 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

159.     Plaintiff, DOLORES EVERETTE, received a summative score for the 2014-2015 school year of 1.77, ineffective.

160.     By letter from the State District Superintendent, Plaintiff, DOLORES EVERETTE, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

161.     Plaintiff, DOLORES EVERETTE, was forced to retire from the district, and by retiring gave up her right to contest the tenure charges filed against her.

162.     The circumstances which forced Plaintiff to retire were that (1) she could not afford to be suspended without pay for one hundred twenty days, and (2) she could not afford to risk losing her pension, benefits, and certification.

163.     Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.


JESSICA DEQUITO


164.     Plaintiff, JESSICA DEQUITO, was evaluated under the "Charlotte Danielson rubric" (1) by Brita Threadford-Woodard on November 21, 2013; (2) by the Defendant, KEITH MILES, on January 8, 2014; (3) by the Defendant, HYE-WON GEHRING, on March 5, 2014; and (4) by the Defendant, KEITH MILES, on April 14, 2014.

165.     Plaintiff, JESSICA DEQUITO, received her first evaluation of partially effective or worse on November 21, 2013 by Brita Threadford-Woodard.

166.     Because the written evaluation by Brita Threadford-Woodard for the November 21, 2013 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

167.     Plaintiff, JESSICA DEQUITO, received her second evaluation of partially effective or worse on January 8, 2014 by the Defendant, KEITH MILES.

168.     Because the written evaluation by the Defendant, KEITH MILES, for the January 8, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

169.      Plaintiff, JESSICA DEQUITO, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2013-2014 school year.

170.     The intentional discrimination which Plaintiff, JESSICA DEQUITO, was forced to suffer was directed to her by way of being ignored, and was conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES and HYE-WON GEHRING, during the workday at R.T. Cream Family School.

171.      Being ignored, which was conveyed to Plaintiff on a frequent, pervasive, repeated basis, was of such a nature that it would detrimentally affect a reasonable person in like circumstances to the Plaintiff, JESSICA DEQUITO.

172.      Being ignored, which was conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, JESSICA DEQUITO.

173.      Plaintiff, JESSICA DEQUITO, received her third evaluation of partially effective or worse on April 14, 2014 by the Defendant, KEITH MILES.

174.      Because the written evaluation by the Defendant, KEITH MILES, for the April 14, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

175.      Plaintiff, JESSICA DEQUITO, received a summative score for the 2013-2014 school year of 2.6, partially effective, which was .05 less than the 2.65 summative score needed to be effective, and was put on a CAP for the 2014-2015 school year.

176.      Plaintiff, JESSICA DEQUITO, was evaluated for the 2014 -2015 school year (1) by Natalie Goode on September 12, 2014; (2) by the Defendant, HYE-WON GEHRING, on October 20, 2014; (3) by the Defendant, HYE-WON GEHRING, on November 13, 2014; and (4) by Jill Trainor on February 2, 2015.

177.      Plaintiff, JESSICA DEQUITO, received her first evaluation of partially effective or worse on September 12, 2014 by Natalie Goode.

178.      Because the written evaluation by Natalie Goode for the September 12, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

179.       Plaintiff, JESSICA DEQUITO, was again forced to suffer intentional discrimination because of her age for the duration of the 2014-2015 school year at her work location of R.T. Cream Family School.

180.      The intentional discrimination which Plaintiff, JESSICA DEQUITO, was forced to suffer was directed to her by way of being ignored, which was conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendant, HYE-WON GEHRING, during the workday at R.T. Cream Family School.

181.      Being ignored, which was conveyed to Plaintiff on a frequent, pervasive, repeated basis, was of such a nature that it would detrimentally affect a reasonable person in like circumstances to the Plaintiff, JESSICA DEQUITO.

182.      Being ignored, which was conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, JESSICA DEQUITO.

183.      Plaintiff, JESSICA DEQUITO, received her second evaluation of partially effective or worse on October 20, 2014 by the Defendant, HYE-WON GEHRING.

184. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the October 20, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

185. Plaintiff, JESSICA DEQUITO, received her third evaluation of partially effective or worse on November 13, 2014 by the Defendant, HYE-WON GEHRING.

186. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the November 13, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

187. Plaintiff, JESSICA DEQUITO, received her fourth evaluation of partially effective or worse on February 2, 2015 by Jill Trainor.

188. Because the written evaluation by Jill Trainor for the February 2, 2015 was given at an inopportune time of day when the students in Plaintiff's class were hyperactive, the observation contained false, contradictory, and inconsistent information, the score was undeserved, not representative of Plaintiff's ability as a special education teacher, subjective, and unwarranted, and the written evaluation was arbitrary, capricious and unfair.

189. Plaintiff, JESSICA DEQUITO, received a summative score for the 2014-2015 school year of 2.48, partially effective.

190. Plaintiff, JESSICA DEQUITO's summative score for the 2014-2015 school year did not reflect her true score for the 2014-2015 school year in that her summative score included an inaccurate transfer of data, making her summative score false, contradictory, inconsistent, arbitrary, capricious and unfair.

191. By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, JESSICA DEQUITO, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

192. Plaintiff, JESSICA DEQUITO, was forced to retire from the district effective September 2, 2015 and by retiring gave up her right to contest the tenure charges filed against her.

193. The circumstances which forced Plaintiff to retire were that (1) she could not afford to be suspended without pay for one hundred twenty days, and (2) she could not afford to risk losing her pension, benefits, and certification.

194. Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.

THERESA ATWATER

195.	Plaintiff, THERESA ATWATER, was evaluated under "the Charlotte Danielson rubric" for the 2013-2014 school year.

196.	Plaintiff, THERESA ATWATER, received evaluations of partially effective or worse during the 2013-2014 school year.

197.	Because the written evaluations for the 2013-2014 school year contained false, contradictory, and inconsistent information, and the score was undeserved, subjective and unwarranted, the written evaluations for the 2013-2014 school year were arbitrary, capricious, and unfair.

198.	Plaintiff, THERESA ATWATER, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2013-2014 school year by the Defendants, KEITH MILES and HYE-WON GEHRING.

199.	Plaintiff, THERESA ATWATER, received a summative score for the 2013-2014 school year of 2.39, partially effective, and was put on a CAP for the 2014-2015 school year.

200.	Plaintiff, THERESA ATWATER, was evaluated under "the Charlotte Danielson rubric" for the 2014-2015 school year.

201.	Plaintiff, THERESA ATWATER, received evaluations of partially effective or worse during the 2014-2015 school year.

202.	Because the written evaluations for the 2014-2015 school year contained false, contradictory, and inconsistent information, and the score was undeserved, subjective and unwarranted, the written evaluations for the 2014-2015 school year were arbitrary, capricious, and unfair.

203.	Plaintiff, THERESA ATWATER, was again forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2014-2015 school year by the Defendant, HYE-WON GEHRING.

204.	Plaintiff, THERESA ATWATER, received a summative score for the 2014-2015 school year of partially effective or worse.

205.	By letter dated August 31, 2015, from the Chief Talent Officer, Plaintiff, THERESA ATWATER, was notified that effective immediately, she was placed by the Superintendent on administrative leave with pay due to issues including, but not limited to, her evaluation scores, an adverse employment action.

206.	Plaintiff, THERESA ATWATER, was forced to retire from the district on or about June 23, 2016, under threat by the district of being brought up on tenure charges for inefficiency.

207.	The circumstances which forced Plaintiff to retire were that she could not afford to risk losing her pension, benefits, and certification by fighting tenure charges.

208.     Because Plaintiff could not afford the risks involved in fighting tenure charges, her forced retirement was a constructive discharge.


JACQUELINE BALLINGER


209.     Plaintiff, JACQUELINE BALLINGER, was evaluated under the "Charlotte Danielson rubric" for the 2013-2014 school year.

210.     Plaintiff, JACQUELINE BALLINGER, received evaluations of partially effective or worse for the 2013-2014 school year.

211.     Because the written evaluations for the 2013-2014 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective, and unwarranted, the written evaluations for the 2013-2014 school year were arbitrary, capricious, and unfair.

212.     Plaintiff, JACQUELINE BALLINGER, was forced to suffer intentional discrimination because of her age at her work location of Cooper B. Hatch Family School during the 2013-2014 school year by the Defendant, LAURA BOYCE.

213.     The intentional discrimination which Plaintiff, JACQUELINE BALLINGER, was forced to suffer was directed to her by way of oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a  frequent, pervasive, repeated basis by the Defendant, LAURA BOYCE, during the workday at Cooper B. Hatch Family School.

214.     The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, JACQUELINE BALLINGER.

215.     The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, JACQUELINE BALLINGER.

216.     Plaintiff, JACQUELINE BALLINGER, received a summative score for the 2013-2014 school year of partially effective, and she was put on a CAP for the 2014-2015 school year.

217.     Plaintiff, JACQUELINE BALLINGER, was evaluated under the "Charlotte Danielson rubric" for the 2014-2015 school year.

218.     Plaintiff, JACQUELINE BALLINGER, received evaluations of partially effective or worse for the 2014-2015 school year.

219.    Because the written evaluations for the 2014-2015 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective, and unwarranted, the written evaluations for the 2014-2015 school year were arbitrary, capricious, and unfair.

220.    Plaintiff, JACQUELINE BALLINGER, was again forced to suffer intentional discrimination because of her age at her work location of Cooper B. Hatch Family School during the 2014-2015 school year by the Defendant, LAURA BOYCE.

221.    The intentional discrimination which Plaintiff, JACQUELINE BALLINGER, was again forced to suffer was directed to her by way of oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendant, LAURA BOYCE, during the workday at Cooper B. Hatch Family School.

222.    The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, JACQUELINE BALLINGER.

223.    The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, JACQUELINE BALLINGER.

224.    Plaintiff, JACQUELINE BALLINGER, received a summative score for the 2014-2015 school year of partially effective.

225.    By letter dated August 31, 2015 from the Chief Talent Officer, Plaintiff, JACQUELINE BALLINGER, was notified that effective immediately, she was placed by the Superintendent on administrative leave with pay, due to issues including, but not limited to, her evaluation scores, an adverse employment action.

RENA PIERCE

226.    Plaintiff, RENA PIERCE, was evaluated under "the Charlotte Danielson rubric" for the 2014-2015 school year.

227.    Plaintiff, RENA PIERCE, received evaluations of partially effective or worse during the 2014-2015 school year.

228.    Because the written evaluations for the 2014-2015 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective

and unwarranted, the written evaluations for the 2014-2015 school year were arbitrary, capricious, and unfair.

229.     Plaintiff, RENA PIERCE, was forced to suffer intentional discrimination because of her age at her work location of Woodrow Wilson High School during the 2014-2015 school year by Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON.

230.     The intentional discrimination which Plaintiff, RENA PIERCE, was forced to suffer was directed to her by way of (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON during the workday at Woodrow Wilson High School.

231.     The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, RENA PIERCE.

232.     The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, RENA PIERCE.

233.     Plaintiff, RENA PIERCE, spoke out about and made Defendants, KEITH MILES and CAMERON BAYNES, aware of, during the 2014-2015 school year, the (1) undeserved, subjective and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, and repeated basis, and (4) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which Plaintiff was required to do on a frequent, pervasive, and repeated basis.

234.     Plaintiff, RENA PIERCE's speech was a protected activity.

235.     Notwithstanding being put on notice by Plaintiff of the (1) undeserved, subjective and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, and (4) age-related physical labor requirements, to

move her materials five to six times per day between classrooms in two separate buildings, which she was being required to do on a frequent, pervasive, repeated basis, the Defendants, KEITH MILES and CAMERON BAYNES, reacted with deliberate indifference, and took no action to put an end to the acts concerning which Plaintiff, RENA PIERCE, spoke out.

236.   The deliberate indifference and continuation of the same intolerable acts with which the Defendants, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's speech was retaliation for that speech.

237.   Plaintiff, RENA PIERCE, received a summative score for the 2014-2015 school year of partially effective, and she was put on a CAP for the 2015-2016 school year.

238.   Plaintiff, RENA PIERCE, was evaluated under "the Charlotte Danielson rubric" for the 2015-2016 school year.

239.   Plaintiff, RENA PIERCE, received evaluations of partially effective or worse during the 2015-2016 school year.

240.   Because the written evaluations for the 2015-2016 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective, and unwarranted, the written evaluations for the 2015-2016 school year were arbitrary, capricious, and unfair.

241.   Plaintiff, RENA PIERCE, was again forced to suffer intentional discrimination because of her age during the 2015-2016 school year at her work location of Woodrow Wilson High School by the Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON.

242.   The intentional discrimination which Plaintiff, RENA PIERCE, was forced to suffer was directed to her by way of (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, during the workday at Woodrow Wilson High School.

243.   The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, RENA PIERCE.

244.   The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements , to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, RENA PIERCE.

24

245.     Plaintiff, RENA PIERCE, spoke out about, and made Defendants, KEITH MILES and CAMERON BAYNES, aware of, during the 2015-2016 school year, the (1) undeserved, subjective, and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, repeated basis, and (4) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which Plaintiff was required to do on a frequent, pervasive, repeated basis.

246.     Plaintiff, RENA PIERCE's speech was a protected activity.

247.     Notwithstanding being put on notice by Plaintiff of the (1) undeserved, subjective, and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, and (4) age-related physical labor requirements, to move her materials five to six times per day between classrooms, which she was being required to do on a frequent, pervasive, repeated basis, the Defendants, KEITH MILES and CAMERON BAYNES, reacted with deliberate indifference, and took no action to put an end to the acts concerning which Plaintiff, RENA PIERCE, spoke out.

248.     The deliberate indifference and continuation of the same intolerable acts with which Defendants, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's speech was retaliation for that speech.

249.     Plaintiff informed Defendant, CAMDEN CITY SCHOOL DISTRICT, of her retirement from the district in February, 2016, effective May 1, 2016.

250.     Plaintiff, RENA PIERCE, was forced to retire from the district because the conditions of her employment, which Defendant, KEITH MILES, knowingly permitted to continue, had become so intolerable that a reasonable person subject to those conditions of employment would also resign.

251.     Because Plaintiff, RENA PIERCE's, retirement resulted from intolerable conditions which Defendant, KEITH MILES, knowingly permitted to continue, Plaintiff, RENA PIERCE's retirement was a constructive discharge.


INJURIES


252.     As a direct and proximate result of the acts of the Defendants, CAMDEN CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA

MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, as aforesaid, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment action(s), constructive discharge from employment, emotional distress, mental anguish, humiliation, inconvenience, disruption in their professional work lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss including but not limited to lost wages, lost pension benefits, lost social security retirement benefits, and added cost of medical insurance.

## COUNT I

253.     The acts of Defendant, CAMDEN CITY SCHOOL DISTRICT, violated Plaintiff, MARGARET GOODE, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE's rights under the laws of the United States, particularly their rights under Section 4(a) of the ADEA, 29 U.S.C. Section 623(a).

## COUNT II

254.     Defendant, CAMDEN CITY SCHOOL DISTRICT, created a hostile work environment at its workplaces which employed Plaintiffs, based on age-related animus to the detriment of Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE BALLINGER, and RENA PIERCE, in violation of Section 4(a) of the ADEA, 29 U.S.C. Section 623(a).

## COUNT III

255.     Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE bring suit under 42 U.S.C. Section 1983.

26

256.    The retaliatory acts of Defendants, KEITH MILES and HYE-WON GEHRING, violated Plaintiff, MARGARET GOODE's federal constitutional rights, particularly her rights to free speech and to petition the government for a redress of grievances, under the First Amendment to the Constitution of the United States.

257.    The retaliatory acts of Defendants, KEITH MILES and CAMERON BAYNES, violated Plaintiff, RENA PIERCE's federal constitutional rights, particularly her right to free speech under the First Amendment to the Constitution of the United States.

COUNT IV

258.    The acts of Defendants, KEITH MILES, and HYE-WON GEHRING, violated Plaintiff, MARGARET GOODE, NICOLE MANN, JESSICA DEQUITO, and THERESA ATWATER's federal constitutional rights, particularly their right to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

259.    The acts of Defendant, GLORIA MARTINEZ-VEGA, violated Plaintiff, DOLORES EVERETTE's federal constitutional rights, particularly her right to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

260.    The acts of Defendant, LAURA BOYCE, violated Plaintiff, JACQUELINE BALLINGER's federal constitutional rights, particularly her right to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

261.    The acts of Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, violated Plaintiff, RENA PIERCE's federal constitutional rights, particularly her right to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

COUNT V

262.    Defendant, PAYMON ROUHANIFARD, is liable to Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE under Section 1983 for the violation of Plaintiffs' substantive due process rights under the Fourteenth Amendment to the

Constitution of the United States as an official with final policymaking authority who established an unconstitutional policy that, when implemented, injured Plaintiffs.


COUNT VI


263.     Defendant, CAMDEN CITY SCHOOL DISTRICT, is liable to Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE under Section 1983 for the violation of Plaintiffs' substantive due process rights under the Fourteenth Amendment to the Constitution of the United States since the actions of the Defendant, PAYMON ROUHANIFARD, may fairly be said to represent official policy of a municipal entity.


COUNT VII


264.     Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQELINE BALLINGER, and RENA PIERCE bring suit under 42 U.S.C. Section 1985.

265.     The acts of Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, were a conspiracy to violate Plaintiffs' individual civil rights in violation of 42 U.S.C. Section 1983.


COUNT VIII


266.     The acts of Defendant, CAMDEN CITY SCHOOL DISTRICT, violated Plaintiff, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE's rights under the laws of the State of New Jersey, particularly their rights not to be discriminated against by reason of age, under Section 11 of the NJLAD, N.J.S.A. 10:5-12a.

COUNT IX

267.     Defendant, CAMDEN CITY SCHOOL DISTRICT, created a hostile work environment at its workplaces which employed Plaintiffs, based on age-related animus, to the detriment of Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE BALLINGER, and RENA PIERCE, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-12a.

COUNT X

268.     The acts of Defendants, KEITH MILES and HYE-WON GEHRING, as aiders and abettors, violated Plaintiff, MARGARET GOODE, JESSICA DEQUITO, and THERESA ATWATER's rights under the laws of the State of New Jersey, particularly their rights under Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

269.     The acts of Defendant, GLORIA MARTINEZ-VEGA, as an aider and abettor, violated Plaintiff, DOLORES EVERETTE's rights under the laws of the State of New Jersey, particularly her rights under Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

270.     The acts of Defendant, LAURA BOYCE, as an aider and abettor, violated Plaintiff, JACQUELINE BALLINGER's rights under the laws of the State of New Jersey, particularly her rights under Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

271.     The acts of Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, as aiders and abettors, violated Plaintiff, RENA PIERCE's rights under the laws of the State of New Jersey, particularly her rights under Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

COUNT XI

272.     Defendants, KEITH MILES and HYE-WON GEHRING, as aiders and abettors, created a hostile work environment at the workplaces which employed Plaintiffs, based on age-related animus, to the detriment of Plaintiffs, MARGARET GOODE and JESSICA DEQUITO, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

273.     Defendant, LAURA BOYCE, as an aider and abettor, created a hostile work environment at the workplace which employed Plaintiff, JACQUELINE BALLINGER, based

29

on age-related animus, to the detriment of Plaintiff, JACQUELINE BALLINGER, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

274.     Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, as aiders and abettors, created a hostile work environment at the workplace which employed Plaintiff, RENA PIERCE, based on age-related animus, to the detriment of Plaintiff, RENA PIERCE, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

COUNT XII

275.     Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE bring suit under the NJCRA, N.J.S.A. 10:6-2(c).

276.     The retaliatory acts of Defendants, KEITH MILES and HYE-WON GEHRING, violated Plaintiff, MARGARET GOODE's state constitutional rights, particularly her right to free speech and to petition the government for a redress of grievances, under Article I Paragraphs 1, 6 and 18 of the Constitution of the State of New Jersey.

277.     The retaliatory acts of Defendants, KEITH MILES and CAMERON BAYNES, violated Plaintiff, RENA PIERCE's state constitutional rights, particularly her right to free speech under Article I Paragraphs 1 and 6 of the Constitution of the State of New Jersey.

COUNT XIII

278.     The acts of Defendants, KEITH MILES and HYE-WON GEHRING, violated Plaintiff, MARGARET GOODE, NICOLE MANN, JESSICA DEQUITO, and THERESA ATWATER's state constitutional rights, particularly their right to substantive due process under Article I Paragraph I of the Constitution of the State of New Jersey.

279.     The acts of Defendant, GLORIA MARTINEZ-VEGA, violated Plaintiff, DOLORES EVERETTE's state constitutional rights, particularly her right to substantive due process under Article I Paragraph I of the Constitution of the State of New Jersey.

280.     The acts of Defendant, LAURA BOYCE, violated Plaintiff, JACQUELINE BALLINGER's state constitutional rights, particularly her right to substantive due process under Article I Paragraph I of the Constitution of the State of New Jersey.

281.     The acts of Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, violated Plaintiff, RENA PIERCE's state constitutional rights, particularly her right to substantive due process under Article I Paragraph I of the Constitution of the State of New Jersey.

COUNT XIV

282.     Defendant, PAYMON ROUHANIFARD, is liable to Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE under N.J.S.A. 10:6-2(c) for the violation of Plaintiffs' substantive due process rights under Article I Paragraph I of the Constitution of the State of New Jersey as an official with final policymaking authority who established an unconstitutional policy that, when implemented, injured Plaintiffs.

COUNT XV

283.     Defendant, CAMDEN CITY SCHOOL DISTRICT, is liable to Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, under N.J.S.A. 10:6-2(c) for the violation of Plaintiffs' substantive due process rights under Article I Paragraph I of the Constitution of the State of New Jersey since the actions of the Defendant, PAYMON ROUHANIFARD, may fairly be said to represent official policy of a municipal entity.

COUNT XVI

284.     Defendants, CAMDEN CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON violated Plaintiff, MARGARET GOODE,

NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO,THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE's right to be free from unjust and arbitrary governmental action, and in particular from governmental procedures that tend to operate arbitrarily, under the state doctrine of fundamental fairness.

## RELIEF SOUGHT

285.     WHEREFORE, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE request judgment against the Defendants, CAMDEN CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON for compensatory damages, equitable relief, double liquidated damages pursuant to 29 U.S.C. Section 626(b), punitive damages, reasonable attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiffs request a trial by jury of all issues which are triable by a jury.

Respectfully submitted,

 s/ Peter Kober 

Peter Kober

DATED: June 30, 2016

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, Email and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury  -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____          DOCKET NUMBER _____

DATE _____          SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
  United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
  United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
  Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
  Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
  Original Proceedings. (1) Cases which originate in the United States district courts.
  Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
  Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
  Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
  Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
  Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
  Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
  Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.