IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Margaret GOODE, et al., | |
| Plaintiff(s), | Civil No. 16-3936 (RBK/JS) |
| v. | **Opinion** |
| CAMDEN CITY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs Margaret Goode, Nicole Mann, Dolores Everette, Jessica Dequito, Theresa Atwater, Jacqueline Ballinger, and Rena Pierce's ("Plaintiffs") Complaint against Defendants Camden City School District, Paymon Rouhanifard, Keith Miles, Hye-Won Gehring, Gloria Martinez-Vega, Laura Boyce, Cameron Baynes, and Genevieve Byrd-Robinson ("Defendants") asserting claims invoking the Age Discrimination in Employment Act ("ADEA"), First and Fourteenth Amendments of the U.S. Constitution, conspiracy to interfere with civil rights, New Jersey Law Against Discrimination ("NJLAD"), New Jersey Civil Rights Act ("NJCRA"), fundamental fairness doctrine, and New Jersey Conscientious Employee Protection Act ("CEPA") (Doc. No. 15). Currently before the Court are two Motions to Dismiss brought by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. Nos. 13, 18). For the reasons expressed below, Defendants' Motions to Dismiss are **GRANTED IN PART**.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Margaret Goode, Nicole Mann, Dolores Everette, Jessica Dequito, Theresa Atwater, Jacqueline Ballinger, and Rena Pierce were tenured teachers employed at various schools in the Camden City School District ("CCSD"). Am. Compl. ¶¶ 17–23. The Amended Complaint alleges that, following the passage of the Teacher Effectiveness and Accountability for the Children of New Jersey Act, N.J. Stat. Ann. § 18A:6-117 et seq., Defendants implemented and executed a teacher evaluation policy that pressured teachers over the age of 40 to retire. Am. Compl. ¶¶ 32–36. Defendant Paymon Rouhanifard, Superintendent of Schools for the CCSD, allegedly created the policy, while schools principals Keith Miles, Hye-Won Gehring, Gloria Martinez-Vega, Laura Boyce, Cameron Baynes, and Genevieve Byrd-Robinson implemented it by scoring Plaintiffs poorly or selecting evaluators who would do so. *Id.* ¶¶ 24–31, 36–37, 46–48.

Plaintiffs assert that they received low scores under the evaluation rubric due to their age. *See generally id.* ¶¶ 61–276. They also allege that Defendants exhibited discrimination by making oral or written remarks related to age, ignoring them, and requiring them to move classrooms between buildings five to six times a day. *See generally id.* Furthermore, Goode claims she filed a petition with the Department of Education regarding her evaluations and Defendants retaliated against her by continuing to issue poor scores and remarking on her age. *Id.* ¶¶ 93–100. Pierce also supposedly spoke out regarding her evaluations, the age-related comments she received, and the requirement she move multiple times a day, and Defendants failed to take any action in response to her complaints. *Id.* ¶¶ 263–73. As a result of Defendants' conduct, Plaintiffs were brought up on tenure charges and subsequently forced to retire, resign,

or take administrative leave. *See generally id.* ¶¶ 61–276. Their positions were allegedly filled by younger employees. *Id.* ¶ 50.

Plaintiffs brought a Complaint against Defendants on June 30, 2016 (Doc. No. 1). Defendants filed a Motion to Dismiss on October 3, 2016 (Doc. No. 13), and Plaintiffs subsequently amended the Complaint on October 24, 2016 (Doc. No. 15). Defendants then filed a second Motion to Dismiss on November 21, 2016 (Doc. No. 18).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. Motions to Dismiss

Defendants bring two Motions to Dismiss, the first filed before Plaintiffs filed the Amended Complaint. Because the original version of a complaint is superseded by any amended version, *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002), and Defendants' first Motion to Dismiss was directed at the original Complaint, that Motion is now moot. The Court thus denies the first Motion to Dismiss and proceeds to analyze the arguments presented in the subsequent Motion.

### B. Primary Jurisdiction Doctrine

Defendants argue that the Commissioner of Education has primary jurisdiction over Plaintiffs' claims and Plaintiffs failed to exhaust administrative remedies by directly bringing

4

suit in federal court. New Jersey Statutes Annotated § 18A:6-9 states that the Commission has "jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws." In cases "[w]here the controversy does not arise under the school laws, it is outside the Commissioner's jurisdiction even though it may pertain to school personnel." *Bd. of Educ. of E. Brunswick Twp. v. Twp. Council of E. Brunswick Twp.*, 223 A.2d 481, 485 (N.J. 1966). New Jersey courts have held that claims under NJLAD and CEPA fall outside the Commissioner's jurisdiction. *See Balsley by Balsley v. N. Hunterdon Reg'l Sch. Dist. Bd. of Educ.*, 568 A.2d 895, 902 (N.J. 1990); *Picogna v. Bd. of Educ. of Twp. of Cherry Hill, Camden Cty.*, 592 A.2d 570, 571 (N.J. Super. Ct. App. Div. 1991).

The Amended Complaint in this matter asserts claims under a federal statute, the U.S. Constitution, state laws, and the state constitution. Although the allegations pertain to Plaintiffs' employment with a public school, they do not arise under school laws. Indeed, the pleadings do not invoke school law provisions anywhere therein. According, this Court holds that it has jurisdiction over Plaintiffs' claims and proceeds to analyze the other arguments presented in Defendants' Motion.

### C. Counts I, II — ADEA

Defendants argue that Plaintiffs did not exhaust administrative remedies by failing to file charges with the EEOC prior to bringing suit. Unlike with Title VII, a plaintiff need not obtain a right to sue letter before commencing a claim under the ADEA provided she filed a charge at least 60 days prior. 29 U.S.C. § 626(d); *Seredinski v. Clifton Precision Prod. Co., Div., of Litton Sys.*, 776 F.2d 56, 63 (3d Cir. 1985). Here, the Amended Complaint pleads that each Plaintiff filed a claim with the EEOC and received a notice of right to sue. The Court thus declines to dismiss Counts I and II for failure to exhaust administrative remedies.

**D.     Counts III, IV, V, VI, VII — First Amendment, Fourteenth Amendment, and Conspiracy to Interfere with Civil Rights**

Individual Defendants claim the defense of qualified immunity against Plaintiffs' claims under §§ 1983 and 1985. In the alternative, Defendants argue that Plaintiffs fail to make out plausible claims for relief.[1]

Qualified immunity may be considered on a motion to dismiss in the situation where "a plaintiff, *on his own initiative*, pleads detailed factual allegations." *Thomas v. Indep. Twp.*, 463 F.3d 285, 293 (3d Cir. 2006); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citations omitted). Government officials are entitled to qualified immunity unless: (1) the plaintiff has shown facts that make out a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts are permitted to address either prong of the analysis first in light of the circumstances at hand. *See id.* at 236. The defendant bears the burden to prove qualified immunity. *See Thomas*, 463 F.3d at 293.

   *1. Count III — First Amendment*

In order to properly state a First Amendment retaliation claim and survive a motion to dismiss, "a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). A plaintiff can prove that his speech was protected activity by showing that: (1) in making it, plaintiff spoke

---

[1] Defendants also contend that sovereign immunity deprives the Court of subject matter jurisdiction over Plaintiffs' federal constitutional claims under Rule 12(b)(1). Plaintiffs' Amended Complaint, however, asserts Counts III to VI against only individual Defendants in their unofficial capacities, so this argument is thus moot.

as a citizen, (2) the statement involved a matter of public concern, and (3) plaintiff's employer did not have "an adequate justification for treating the employee differently from any other member of the general public" as a result of the statement he made under the *Pickering* test. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *see also Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). A public employee is entitled to constitutional protection for expressive conduct when (1) the conduct addresses "a matter of public concern" and (2) the value of the expression outweighs "the government's interest in the effective and efficient fulfillment of its responsibilities to the public." *Azzaro v. Cty. of Allegheny*, 110 F.3d 968, 976 (3d Cir. 1997) (quoting *Connick v. Myers*, 461 U.S. 138, 150 (1983)). "[D]iscrimination, when practiced by those exercising authority in the name of a public official," is inherently a matter of public concern, particularly because it "would be relevant to the electorate's evaluation of the performance of the office of an elected official." *Id.* at 978.

Here, the Amended Complaint alleges that Goode filed a petition with the Department of Education reporting that individual Defendants "acted improperly" in completing her evaluations. Am. Compl. ¶ 9. Because Plaintiffs do not provide detailed facts regarding the petition and whether it disclosed the supposed discrimination practiced by Defendants, the Court cannot evaluate whether Defendants violated a clearly established right in order to conclude that they have qualified immunity. However, the Court nonetheless dismisses Count III for failing to state a claim for relief. The Amended Complaint does not contain factual material to support the contention that Goode engaged in protected activity, an element required of a claim for retaliation under the First Amendment. Accordingly, the Court dismisses Count III without prejudice.

### 2. Counts IV, V — Fourteenth Amendment

Plaintiffs bring substantive due process claims under the Fourteenth Amendment. Although property interests created by state law are protected by procedural due process rights, the class of interests protected by substantive due process rights is far narrower. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000). Only "fundamental" interests created by the Constitution are protected by substantive due process, and the Third Circuit has held that continued employment with a government employer is not an interest worthy of substantive due process. *Id.* at 143. Thus, Plaintiffs' claim that substantive due process protects their continued tenured employment with the CCSD is not well taken. Plaintiffs also quote *Daniels v. Williams* for a general statement regarding substantive due process, but fail to identify any fundamental interest discussed by the opinion. 474 U.S. 327, 331 (1986) ("[Due Process] bar[s] certain government actions regardless of the fairness of the procedures used to implement them . . . ."). Because Plaintiffs cannot articulate any fundamental right allegedly violated by Defendants, qualified immunity bars the substantive due process claims. Counts IV and V are hereby dismissed with prejudice.

### 3. Count VI — Conspiracy

Plaintiffs also bring a claim under § 1985(3) alleging a conspiracy to violate civil rights. Subsection (3) provides a remedy, generally, if two or more persons conspire or go on the premises of another, "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act

in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citations omitted). With respect to the second element, "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135 (internal quotation marks and citations omitted).

Classes protected by § 1985(3) are limited to "immutable characteristics" like those based on race, gender, and mental handicap. *Lake v. Arnold*, 112 F.3d 682, 687 (3d Cir. 1997), *as amended* (May 15, 1997). The Third Circuit has not opined on whether age is also a protected class. However, given the absence of Third Circuit precedent recognizing age as protected under § 1985(3), it cannot be held that Defendants' conduct, as alleged in the pleadings, violated a right that was clearly established. Defendants thus have qualified immunity against the claim of conspiracy and the Court dismisses Count VI with prejudice.

### C.     Counts XI, XII, XIII — NJCRA

Lastly, Defendants seek to dismiss the claims brought under the NJCRA for failure to state a claim for relief.[2] Courts in this district have consistently interpreted the NJCRA and § 1983 analogously, *see Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x. 238, 241 (3d Cir. 2012), and New Jersey courts have extended that approach to the issue of qualified immunity. *See, e.g.*, *Ramos v. Flowers*, 56 A.3d 869, 876 (N.J. Super. Ct. App. Div. 2012). The Court will thus apply

---

[2] Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Counts VII to X under the NJLAD. The Court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367. Here, the Court does not dismiss the claims that arise under federal law and thus will not dismiss Counts VII to X on this ground.

its § 1983 analysis to the Counts under the NJCRA and hereby dismisses Count XI without prejudice and Counts XII and XIII with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE** as to Counts IV, V, VI, XII, and XIII. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** as to Counts III and XI.


Dated:    5/24/2017                                                                s/ Robert B. Kugler

                                                                                                   ROBERT B. KUGLER

                                                                                                   United State District Judge