Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiffs, Margaret Goode, Nicole Mann, Dolores Everette, Jessica Dequito,
Theresa Atwater, Jacqueline Ballinger, and Rena Pierce

_____

| | |
|---|---|
| MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, | |
| JESSICA DEQUITO, THERESA ATWATER, JACQUELINE | |
| BALLINGER, and RENA PIERCE, | **UNITED STATES DISTRICT COURT** |
| | **FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiffs | |
| | Civil Action No. <u>1:16-CV-03936-RBK-JS</u> |
| vs. | |
| | |
| CAMDEN CITY SCHOOL DISTRICT, PAYMON | |
| ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, | **FOURTH AMENDED** |
| GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON | **COMPLAINT** |
| BAYNES, GENEVIEVE BYRD-ROBINSON, and JOHN DOES | |
| 1-20, | Jury Trial [ x ] yes   [   ] no |
| <u>Defendants</u> | |

MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA

ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, by way of Complaint against the above-

named Defendants, state as follows:

COUNT I

ADEA VIOLATION(S) BY DEFENDANT, CAMDEN CITY SCHOOL DISTRICT

1.  Plaintiff, MARGARET GOODE, is an individual who resides at 219 Sugartown Road, Apt.

    L-302, Wayne, Delaware County, Pennsylvania 19087.

2.  Plaintiff, NICOLE MANN, is an individual who resides at 1015 Van Kirk Street,

    Philadelphia, Pennsylvania 19149.

3.  Plaintiff, DOLORES EVERETTE, is an individual who resides at 590 North Atlantic Avenue, Apt. 205, Collingswood, Camden County, New Jersey 08108.

4.  Plaintiff, JESSICA DEQUITO, is an individual who resides at 662 Iowa Woods Circle East, Orlando, Florida 32824.

5.  Plaintiff, THERESA ATWATER, is an individual who resides at 1141 Carl Miller Boulevard, Camden, Camden County, New Jersey 08104.

6.  Plaintiff, JACQUELINE BALLINGER, is an individual who resides at 1 Countryside Circle, Clayton, Gloucester County, New Jersey 08312.

7.  Plaintiff, RENA PIERCE, is an individual who resides at 5 Morris Drive, Sicklerville, Camden County, New Jersey 08081.

8.  Defendant, CAMDEN CITY SCHOOL DISTRICT, is a public entity, with offices at 201 North Front Street, Camden, Camden County, New Jersey 08102.

9.  Defendant, PAYMON ROUHANIFARD, sued in his individual capacity, is the state appointed Superintendent of Schools for the CAMDEN CITY SCHOOL DISTRICT, with offices at 201 North Front Street, Camden, Camden County, New Jersey 08102.

10. Defendant, KEITH MILES, sued in his individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

11. Defendant, HYE-WON GEHRING, sued in her individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

2

12. Defendant, GLORIA MARTINEZ-VEGA, sued in her individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

13. Defendant, LAURA BOYCE, sued in her individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

14. Defendant, CAMERON BAYNES, sued in his individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

15. Defendant, GENEVIEVE BYRD-ROBINSON, sued in her individual capacity, is an employee of the CAMDEN CITY SCHOOL DISTRICT, whose offices are at 201 North Front Street, Camden, Camden County, New Jersey 08102.

16. Plaintiff, MARGARET GOODE, Date of Birth January 26, 1951, was a qualified middle school science teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 and 2014-2015 school year.

17. Plaintiff, NICOLE MANN, Date of Birth June 20, 1975, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 and 2014-2015 school year.

3

18. Plaintiff, DOLORES EVERETTE, Date of Birth November 13, 1939, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the Rafael Cordero Molina Elementary School, located at 601 Vine Street, Camden, New Jersey 08102 for the 2013-2014 and 2014-2015 school year.

19. Plaintiff, JESSICA DEQUITO, Date of Birth July 16, 1954, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 and 2014-2015 school year.

20. Plaintiff, THERESA ATWATER, Date of Birth May 21, 1960, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the R.T. Cream Family School, located at 1875 Huff Street, Camden, New Jersey 08104 for the 2013-2014 and 2014-2015 school year.

21. Plaintiff, JACQUELINE BALLINGER, Date of Birth March 3, 1965, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at the Cooper B. Hatch Family School, located at 1875 Park Boulevard, Camden, New Jersey 08103 for the 2013-2014 and 2014-2015 school year.

22. Plaintiff, RENA PIERCE, Date of Birth April 28, 1950, was a qualified special education teacher with tenure, employed by the Defendant, CAMDEN CITY SCHOOL DISTRICT, at Woodrow Wilson High School, located at 3100 Federal Street, Camden, New Jersey 08105 for the 2014-2015 and 2015-2016 school year.

23. Defendant, PAYMON ROUHANIFARD, was a state-appointed official, who, as

4

Superintendent of Schools for the CAMDEN CITY SCHOOL DISTRICT, was a decisionmaker who possessed final authority to establish school district policy with respect to all actions ordered.

24. Defendant, PAYMON ROUHANIFARD, was responsible for establishing all final school district policy with respect to all actions which form the subject matter of this suit.

25. Defendant, KEITH MILES, was a co-principal of R.T. Cream Family School for the 20132014 school year, and the principal of Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years, and was responsible for establishing all school policy within his school(s) that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

26. Defendant, HYE-WON GEHRING, was a co-principal of R.T. Cream Family School for the 2013-2014 school year, and the principal of R.T. Cream Family School for the 2014-2015 school year, and was responsible for establishing all school policy within her school that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

27. Defendant, GLORIA MARTINEZ-VEGA, was the principal of Rafael Cordero Molina Elementary School for the 2013-2014 and 2014-2015 school years, and was responsible for establishing all school policy within her school that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

28. Defendant, LAURA BOYCE, was the principal of Cooper B. Hatch Family School for the

2013-2014 and 2014-2015 school years, and was responsible for establishing all school policy within her school that was left to the principal's discretion with respect to all actions which form the subject matter of this suit.

29. Defendant, CAMERON BAYNES, was a lead educator at Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years.

30. Defendant, GENEVIEVE BYRD-ROBINSON, was a lead educator at Woodrow Wilson High School for the 2014-2015 and 2015-2016 school years.

31. In 2012, the Legislature enacted the Teacher Effectiveness and Accountability for the Children of New Jersey (TEACHNJ) Act, N.J.S.A. 18A:6-117 *et seq.* ("The Act").

32. "The Act" empowered school districts to develop their own evaluation rubrics to assess teacher effectiveness, subject to review and approval by the Commissioner of Education.  N.J.S.A. 18A:6-122.

33. The evaluation rubrics which were mandated by "The Act" were required to include, at a minimum, four defined annual summative ratings categories for teachers: ineffective, partially effective, effective, and highly effective.  N.J.S.A. 18A:6-123(b).

34. "The Act" fundamentally changed the process by which teachers maintain their tenure by requiring district superintendents to forward a tenure charge of inefficiency to the Commissioner if:

    a)  The annual summative rating is partially effective and the teacher receives an annual summative rating of ineffective the next school year, N.J.S.A. 18A:6-17.3a(1), or

b)  The annual summative rating is partially effective and the teacher receives an
annual summative rating of partially effective the next school year, except that
upon a finding of exceptional circumstances by the district superintendent
deferment of the forwarding of tenure charges would be permitted pending the
next annual evaluation.  N.J.S.A. 18A:6-17.3a(2).

35. Prior to November 12, 2013, the Defendants, CAMDEN CITY SCHOOL DISTRICT and
PAYMON ROUHANIFARD, introduced, established, and required to be implemented a
policy ("The policy") to utilize the teacher evaluation rubrics mandated by "The Act" and
the annual summative rating arrived at using the teacher evaluation rubrics, as a pretext
to pressure teachers with tenure who were over the age of forty to retire from the
district.

36. "The Policy" required collaboration by the evaluators of the affected teachers, who
collaborated by following instructions originating from the Defendant, PAYMON
ROUHANIFARD, to write false, undeserved, and unwarranted evaluations of the affected
teachers utilizing the teacher evaluation rubrics ("the Charlotte Danielson rubrics")
adopted by the district.

37. Teachers, who were union members, were party to a union contract ("The Union
Contract") with the Defendant, CAMDEN CITY SCHOOL DISTRICT.

38. "The Union Contract" provided that (1) Teachers shall be evaluated only by persons
certified by the New Jersey State Board of Examiners to supervise instruction and
employed as an administrator, Article X Paragraph A(4); (2) Information related to the

evaluation of a particular employee shall be maintained by the school district, shall be confidential, and shall not be accessible to the public, Article X Paragraph A(5); (3) Teachers shall be informed when an evaluation, of which a recording will be made, is being conducted.  The use of eavesdropping tape recording, cameras, and any other electronic devices shall not be used in observation of a teacher's performance without the permission of the teacher, Article X Paragraph B; and (4) The procedures and criteria to be utilized shall be made available to all employees prior to their being evaluated, Article X, paragraph C(1).

39. Contrary to the provisions of "The Union Contract," the Defendant, CAMDEN CITY SCHOOL DISTRICT, did not evaluate teachers only by persons certified by the New Jersey State Board of Examiners to supervise instruction and employed as an administrator.

40. Contrary to the provisions of "The Union Contract," the Defendant, CAMDEN CITY SCHOOL DISTRICT, did not keep information related to the evaluation of a particular employee confidential.

41. Contrary to the provisions of "The Union Contract," teachers were surreptitiously recorded during the course of evaluations by direction of the Defendant, CAMDEN CITY SCHOOL DISTRICT.

42. Contrary to the provisions of "The Union Contract," the criteria to be utilized for evaluations were not made available to all employees prior to their being evaluated by the Defendant, CAMDEN CITY SCHOOL DISTRICT.

43. "The Policy" required collaboration by the principals in the schools which employed the affected teachers, who were instructed by the Defendant, PAYMON ROUHANIFARD, to (1) either perform the evaluations of the affected teachers personally by giving false, undeserved, and unwarranted low scores, or (2) select evaluators who would collaborate with "The Policy" by giving false, undeserved, and unwarranted low scores. 45. The Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, collaborated with "The Policy" during the 2013-2014, 2014-2015, and 2015-2016 school years.

46. During the 2013-2014 school year, the Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, and LAURA BOYCE implemented "The Policy" as instructed by the Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false, undeserved, and unwarranted low scores, or by selecting evaluators who would give false, undeserved, and unwarranted low scores.

47. During the 2014-2015 school year, the Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRDROBINSON implemented "The Policy" as instructed by the Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false, undeserved, and unwarranted low scores, or by selecting evaluators who would give false, undeserved, and unwarranted low scores.

48. During the 2015-2016 school year, the Defendants, KEITH MILES, CAMERON BAYNES,

9

and GENEVIEVE BYRD-ROBINSON implemented "The Policy" as instructed by the

Defendant, PAYMON ROUHANIFARD, by giving evaluations personally with false,

undeserved, and unwarranted low scores, or by selecting evaluators who would give

false, undeserved, and unwarranted low scores.

49. The acts of Defendants, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA,

LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON in implementing

"The Policy" as set forth above, were adverse employment actions in their effects upon

the Plaintiffs.

50. Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO,

THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, who were affected by

the adverse employment actions as set forth above, were replaced by sufficiently

younger workers to permit a reasonable inference of age discrimination.

51. The evidence that "The Policy" was executed by the Defendants, KEITH MILES, HYEWON

GERHRING, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON time

and again on employees over the age of forty of the Defendant, CAMDEN CITY SCHOOL

DISTRICT, serves to discredit the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered

legitimate reasons for the employment actions taken in regard to the Plaintiffs,

MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA

ATWATER, JACQUELINE BALLINGER, and RENA PIERCE.

52. The ability of the Plaintiffs to put forth weaknesses, implausibilities, inconsistencies,

10

incoherencies, or contradictions in the Defendant, CAMDEN CITY SCHOOL DISTRICT's

evaluations of the Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,

JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE

serves to further discredit the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered

legitimate reasons for the employment actions taken in regard to those Plaintiffs.

53. By discrediting the Defendant, CAMDEN CITY SCHOOL DISTRICT's proffered reasons for

the employment actions taken in regard to them, Plaintiffs, MARGARET GOODE, NICOLE

MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE

BALLINGER, and RENA PIERCE, can establish that the Defendant, CAMDEN CITY SCHOOL

DISTRICT's proffered reasons for the employment actions taken in regard to them were

pretextual for age discrimination.

54. The adverse employment actions of Defendants, PAYMON ROUHANIFARD, KEITH MILES,

HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and

GENEVIEVE BYRD-ROBINSON were arbitrary, capricious, irrational, done with deliberate

indifference, and/or tainted by improper motive such as intent to injure in some way

unjustifiable by any legitimate government interest.

55. Defendant, PAYMON ROUHANIFARD, had overall responsibility to Plaintiffs, MARGARET

GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER,

JACQUELINE BALLINGER, and RENA PIERCE, for the consequences of "The Policy" as an

official with final policymaking authority who established an unconstitutional policy

that, when implemented injured all of the Plaintiffs.

11

56. Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO,

   THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, exhausted their

   administrative remedies by filing claims with the EEOC for age discrimination, and

   receiving notice of their right to sue.

MARGARET GOODE

57. Plaintiff, MARGARET GOODE, was evaluated under "the Charlotte Danielson rubric" (1)

   by the Defendant, KEITH MILES, on November 4 & 12, 2013; (2) by the Defendant,

   HYEWON GEHRING, on January 24, 2014; (3) by Nikia Whitaker on March 10, 2014; (4)

   by Brita Threadford-Woodard on March 24, 2014; and (5) by the Defendant, HYE-WON

   GEHRING, on March 26, 2014.

58. Plaintiff, MARGARET GOODE, received her first evaluation of partially effective or worse

   on January 24, 2014 by the Defendant, HYE-WON GEHRING.

59. On January 24, 2014, the Defendant, HYE-WON GEHRING, entered Plaintiff, MARGARET

   GOODE's science classroom unannounced.

60. Plaintiff, MARGARET GOODE, approached the Defendant, HYE-WON GEHRING, and

   informed the Defendant, HYE-WON GEHRING,  that the class would not be on the

   receiving end of an instructional lesson that day – they would be reviewing for a test for

   part of the allotted time - and would be taking the test for the remainder of the allotted

   time.

12

61. The Defendant, HYE-WON GEHRING, elected to stay and observe the class review for a test.

62. By electing to stay, the Defendant, HYE-WON GEHRING, knew she would not be observing an instructional lesson.

63. Notwithstanding that she knew she was not observing an instructional lesson on January 24, 2014, the Defendant, HYE-WON GEHRING, wrote an evaluation for the January 24, 2014 observation as if she had observed an instructional lesson.

64. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the January 24, 2014 observation was written as if the evaluator had observed an instructional lesson, and the score was underserved, subjective and unwarranted, the written evaluation was arbitrary, capricious and unfair.

65. Beginning on February 18, 2014, Plaintiff, MARGARET GOODE, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School.

66. The intentional discrimination which Plaintiff, MARGARET GOODE, was forced to suffer was directed to her by way of oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES and HYE-WON GEHRING, during the workday at R.T. Cream Family School.

67. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated

13

basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, MARGARET GOODE.

68. The oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, MARGARET GOODE.

69. Plaintiff, MARGARET GOODE, received her second evaluation of partially effective or worse on March 24, 2014 by Brita Threadford-Woodard.

70. Because the written evaluation by Brita Threadford-Woodard for the March 24, 2014 observation contained false, contradictory, and inconsistent information, and the score was underserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

71. Plaintiff, MARGARET GOODE, received her third evaluation of partially effective or worse on March 26, 2014 by the Defendant, HYE-WON GEHRING.

72. Because the written evaluation by Defendant, HYE-WON GEHRING, for the March 26, 2014 observation contained false, contradictory, and inconsistent information, and the score was underserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

73. By letters from Plaintiff dated May 12, 2014, May 27, 2014, June 10, 2014, and June 23, 2014, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, were made aware of the arbitrary, capricious and unfair evaluations and the oral and written, severe extreme derogatory age-related remarks and remedial requirements,

which Plaintiff was being subjected to on a frequent, pervasive, repeated basis.

74. Notwithstanding being put on notice by Plaintiff of the arbitrary, capricious and unfair evaluations and the oral and written, severe, extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, reacted with deliberate indifference, and took no action to put an end to the arbitrary, capricious and unfair evaluations, and the oral and written, severe, extreme derogatory age-related remarks and remedial requirements to which Plaintiff was being subjected on a frequent, pervasive, repeated basis.

75. Plaintiff, MARGARET GOODE, received a summative score for the 2013-2014 school year of 2.6, partially effective, which was .05 less than the 2.65 summative score needed to be effective, and she was put on a CAP for the 2014-2015 school year.

76. On August 21, 2014, Plaintiff, MARGARET GOODE, filed a Petition with the Department of Education, Bureau of Controversies and Disputes, alleging that the Defendants, KEITH MILES and HYE-WON GEHRING, acted improperly with respect to her teacher evaluations for the 2013-2014 school year.  Included within the Petition were the allegations that:

    a)  Mr. Miles harassed, bullied and humiliated her and used unethical, unprofessional and intimidating tactics in writing up her evaluations.

    b)  Ms. Gehring willfully, knowingly and purposefully gave her unfair observations

that contained misleading, erroneous, opinionated and untrue facts.

    c)   The relief desired included the correction of errors on Ms. Gehring's two

        evaluations and on Mr. Miles's Domain 4 evaluation by removing unfair,

        opinionated and biased judgments from those.

77. The filing of a Petition alleging improper acts with the Department of Education is a protected activity.

78. Plaintiff, MARGARET GOODE, was evaluated under "the Charlotte Danielson rubric" for the 2014-2015 school year (1) by Natalie Goode, on September 12, 2014; (2) by the Defendant, HYE-WON GEHRING, on October 15, 2014; (3) by the Defendant, HYE-WON GEHRING, on November 19, 2014; (4) by Hope Edwards-Perry on March 12, 2015; and (5) by Christie Whitzell on April 29, 2015.

79. Beginning on September 11, 2014, Plaintiff, MARGARET GOODE, was again forced to suffer intentional discrimination because of her age for the duration of the 2014-2015 school year at her work location of R.T. Cream Family School.

80. The intentional discrimination which Plaintiff, MARGARET GOODE, was forced to suffer was directed to her by way of oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendant, HYE-WON GEHRING, during the workday at R.T. Cream Family School.

81. The oral and written, severe, extreme derogatory age-related remarks and remedial

requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated

basis, were of such a nature that they would detrimentally affect a reasonable person in

like circumstances to the Plaintiff, MARGARET GOODE.

82. The oral and written, severe, extreme derogatory age-related remarks and remedial

requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated

basis, did detrimentally affect Plaintiff, MARGARET GOODE.

83. Plaintiff, MARGARET GOODE, received her first evaluation of partially effective or worse

on September 12, 2014 by Natalie Goode.

84. Because the written evaluation by Natalie Goode for the September 12, 2014

observation contained false, contradictory and inconsistent information, and the score

was underserved, subjective, and unwarranted, the written evaluation was arbitrary,

capricious and unfair.

85. Plaintiff, MARGARET GOODE, received her second evaluation of partially effective or

worse on October 15, 2014 by the Defendant, HYE-WON GEHRING.

86. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the October

15, 2014 observation contained false, contradictory and inconsistent information, and

the score was undeserved, subjective, and unwarranted, the written evaluation was

arbitrary, capricious and unfair.

87. Plaintiff, MARGARET GOODE, received her third evaluation of partially effective or worse

on November 19, 2014 by the Defendant, HYE-WON GEHRING.

17

88. Because the written evaluation by the Defendant, HYE-WON GEHRING, for the November 19, 2014 observation contained false, contradictory and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

89. The continuation of the oral and written, severe, extreme derogatory age-related remarks and remedial requirements, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis beginning on September 11, 2014 and continuing for the duration of the 2014-2015 school year by the Defendant, HYE-WON GEHRING, during the workday at R.T. Cream Family School, were ongoing antagonistic conduct on the part of the Defendants, CAMDEN CITY SCHOOL DISTRICT and HYE-WON GEHRING.

90. The collective acts of ongoing antagonistic conduct on the part of the Defendants, CAMDEN CITY SCHOOL DISTRICT and HYE-WON GEHRING, support an inference of causation that the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year were in retaliation for Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes, on August 21, 2014.

91. There is temporal proximity between Plaintiff's filing of a Petition with the Department of Education, Bureau of Controversies and Disputes on August 21, 2014 and the execution of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the 2014-2015 school year.

18

92. The temporal proximity between Plaintiff's filing of a Petition with the Department of
Education, Bureau of Controversies and Disputes on August 21, 2014 and the execution
of evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during
the 2014-2015 school year supports an inference of causation that the execution of
evaluations of partially effective or worse by Defendant, HYE-WON GEHRING, during the
2014-2015 school year were in retaliation for Plaintiff's filing of a Petition with the
Department of Education, Bureau of Controversies and Disputes, on August 21, 2014.

93. The inferences of causation against Defendant, HYE-WON GEHRING, provide a causal
connection that the execution of evaluations of partially effective or worse to the
detriment of Plaintiff during the 2014-2015 school year were in retaliation for Plaintiff's
filing of a Petition with the Department of Education, Bureau of Controversies and
Disputes, on August 21, 2014.

94. The filing of a Petition with the Department of Education, Bureau of Controversies and

Disputes, on August 21, 2014 by Plaintiff was a substantial factor in the retaliatory action conducted by Defendant, HYE-WON GEHRING, during the 2014-2015 school year.

95. Defendant, HYE-WON GEHRING's retaliatory actions during the 2014-2015 school year were sufficient to deter a person of ordinary firmness from exercising her First Amendment rights.

96. Prior to April 29, 2015, Plaintiff, MARGARET GOODE, had a summative score for the 2014-2015 school year of 2.65 or higher, which was enough to be deemed effective.

97. By succeeding in being effective for the 2014-2015 school year, Plaintiff, MARGARET GOODE, assured her continued employment as a middle school science teacher with tenure with the Defendant, CAMDEN CITY SCHOOL DISTRICT, at least through the 2016-2017 school year.

98. Prior to April 29, 2015, the Defendant, HYE-WON GEHRING, acted in further implementation of "The Policy" by bringing in Christie Whitzell as an evaluator to evaluate Plaintiff, MARGARET GOODE, a fifth time in the 2014-2015 school year.

99. Christie Whitzell received instructions from the Defendant, HYE-WON GEHRING, to collaborate in the implementation of "The Policy" by giving Plaintiff, MARGARET GOODE, a low score on the upcoming evaluation.

100. Plaintiff, MARGARET GOODE, received her fourth evaluation of partially effective or worse on April 29, 2015 by Christie Whitzell.

101.     By giving Plaintiff, MARGARET GOODE, a low score on the April 29, 2015 evaluation,

         Christie Whitzell collaborated in the implementation of "The Policy" as per the

         instructions of the Defendant, HYE-WON GEHRING.

102.     Because the evaluation by Christie Whitzell for the April 29, 2015 observation contained

         false, contradictory, and inconsistent information, and the score was undeserved,

         subjective, and unwarranted, the evaluation was arbitrary, capricious, unfair, and done

         with deliberate indifference as to the consequences.

103.     Plaintiff, MARGARET GOODE, received a summative score for the 2014-2015 school year

         of 2.62, partially effective, which was .03 less than the 2.65 summative score needed to

         be effective.

104.     Prior to July 7, 2015 the Plaintiff, MARGARET GOODE, formed a reasonable belief that

         the Defendants, CAMDEN CITY SCHOOL DISTRICT and HYE-WON GEHRING, were

         violating public policy.

105.     The public policy that the Plaintiff, MARGARET GOODE, believed to be violated was that

         the teacher evaluations under the Charlotte Danielson rubric should be fair and

         unbiased.

106.     By letter from Plaintiff dated July 7, 2015, the Defendants, PAYMON

         ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, were made aware of the ongoing

         arbitrary, capricious and unfair evaluations and the ongoing oral and written, severe

         extreme derogatory age-related remarks and remedial requirements, which Plaintiff

21

was being subjected to on a frequent, pervasive, repeated basis.

107.     The Plaintiff's letter dated July 7, 2015 was whistleblowing activity.

108.     Notwithstanding being put on notice by Plaintiff of the ongoing arbitrary, capricious and unfair evaluations and the ongoing oral and written, severe extreme derogatory age-related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, the Defendants, PAYMON ROUHANIFARD and CAMDEN CITY SCHOOL DISTRICT, reacted with deliberate indifference, and took no action to rescind the effects of the ongoing arbitrary, capricious and unfair evaluations and to mitigate the impact of the ongoing oral and written, severe extreme derogatory age-related remarks and remedial requirements, to which Plaintiff had been subjected on a frequent, pervasive, repeated basis.

109.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the forwarding of tenure charges pending the next annual evaluation pursuant to N.J.S.A. 18A:6-17.3a(2), an adverse employment action.

110.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to place the Plaintiff on administrative leave with pay, an adverse employment action.

111.     Retaliation for whistleblowing activity played a role in the Defendant, PAYMON ROUHANIFARD's decisions not to defer the forwarding of tenure charges pending the next annual evaluation and not to place the Plaintiff on administrative leave with pay, and made an actual difference in Defendant, PAYMON ROUHANIFARD's decisions.

112.    Retaliation for the exercise of a protected activity was a substantial factor in the Defendant, PAYMON ROUHANIFARD's decisions not to defer the forwarding of tenure charges pending the next annual evaluation and not to place the Plaintiff on administrative leave with pay.

113.    Defendant, PAYMON ROUHANIFARD's decisions not to defer the forwarding of tenure charges pending the next annual evaluation and not to place the Plaintiff on administrative leave with pay were sufficient to deter a person of ordinary firmness from exercising her First Amendment rights.

114.    By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, MARGARET GOODE, was notified that she was being brought up on tenure charges of inefficiency, unbecoming conduct and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

115.    Plaintiff, MARGARET GOODE, was forced to retire from the district effective October 1, 2015 and by retiring gave up her right to contest the tenure charges filed against her.

116.    The circumstances which forced Plaintiff to retire were that (1) she could not afford to be suspended without pay for one hundred twenty days, and (2) she could not afford to risk losing her pension, benefits and certification.

117.    Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.

NICOLE MANN

118.    Plaintiff, NICOLE MANN, was evaluated under "the Charlotte Danielson rubric" (1) by
the Defendant, HYE-WON GEHRING, on December 11, 2013; (2) by the Defendant, KEITH
MILES, on January 17, 2014; and by Albert Wagner on March 6, 2014.

119.    Plaintiff, NICOLE MANN, received her first evaluation of partially effective or worse on
December 11, 2013 by the Defendant, HYE-WON GEHRING.

120.    Because the written evaluation by Defendant, HYE-WON GEHRING, for the December
11, 2013 observation contained false, contradictory, and inconsistent information, and
the score was undeserved, subjective, and unwarranted, the written evaluation was
arbitrary, capricious and unfair.

121.    Plaintiff, NICOLE MANN, was forced to suffer intentional discrimination because of her
age at her work location of R.T. Cream Family School during the 2013-2014 school year.

122.    Plaintiff, NICOLE MANN, received her second evaluation of partially effective or worse
on January 17, 2014 by the Defendant, KEITH MILES.

123.    Because the written evaluation by Defendant, KEITH MILES, for the January 17, 2014
observation contained false, contradictory, and inconsistent information, and the score
was undeserved, subjective, and unwarranted, the written evaluation was arbitrary,
capricious and unfair.

124.    Plaintiff, NICOLE MANN, received her third evaluation of partially effective or worse on
March 6, 2014 by Albert Wagner.

125.     Because the written evaluation by Albert Wagner for the March 6, 2014 observation

contained false, contradictory, and inconsistent information, and the score was

undeserved, subjective, and unwarranted, the written evaluation was arbitrary,

capricious and unfair.

126.     Plaintiff, NICOLE MANN, received a summative score for the 2013-2014 school year of

2.19, partially effective, and was put on a CAP for the 2014-2015 school year.   131.

Plaintiff, NICOLE MANN, was evaluated for the 2014-2015 school year (1) by

Natalie Goode on or about September 15, 2014; (2) by the Defendant, HYE-WON

GEHRING, on December 15, 2014; (3) by the Defendant, HYE-WON GEHRING, on January

22, 2015; and (4) by Hope Edwards-Perry on March 21, 2015.

127.     Plaintiff, NICOLE MANN, received her first evaluation of partially effective or

worse on December 15, 2014 by the Defendant, HYE-WON GEHRING.

128.     Because the written evaluation by the Defendant, HYE-WON GEHRING, for the

December 15, 2014 observation contained false, contradictory, and inconsistent

information, and the score was undeserved, subjective, and unwarranted, the written

evaluation was arbitrary, capricious and unfair.

25

132.    Plaintiff, NICOLE MANN, was again forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the 2014-2015 school year.

133.    Plaintiff, NICOLE MANN, received her second evaluation of partially effective or worse on January 22, 2015 by the Defendant, HYE-WON GEHRING.

134.    Because the written evaluation by the Defendant, HYE-WON GEHRING, for the January 22, 2015 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious and unfair.

135.    Plaintiff, NICOLE MANN, received a summative score for the 2014-2015 school year of 2.58, partially effective, which was .07 less than the 2.65 summative score needed to be effective.

136.    Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the forwarding of tenure charges pending the next annual evaluation pursuant to N.J.S.A. 18a:6-17.3a(2), an adverse employment action.

137.    Defendant, PAYMON ROUHANIFARD, did not exercise the option to place the Plaintiff on administrative leave with pay, an adverse employment action.

138.    By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, NICOLE MANN, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

139.     Plaintiff, NICOLE MANN, was forced to resign from the district effective October

22, 2015 and by resigning gave up her right to contest the tenure charges filed

against her.

140.     The circumstances which forced Plaintiff to resign were that (1) she could not

afford to risk tarnishing her good name, and (2) she could not afford to risk losing

her pension, benefits and certification.

141.     Because Plaintiff could not afford the risks involved in fighting the tenure charges

filed against her, her forced retirement was a constructive discharge.


DOLORES EVERETTE


142.     Plaintiff, DOLORES EVERETTE, was, according to the Defendant, CAMDEN CITY

SCHOOL DISTRICT, allegedly evaluated under "the Charlotte Danielson rubric" (1)

by Christie Whitzell on November 19, 2013; (2) by the Defendant, GLORIA

MARTINEZVEGA, on January 23, 2014; and (3) by Albert Wagner on March 21,

2014.

143.     Plaintiff, DOLORES EVERETTE, denies that any of these observations actually took

place.

144.     Plaintiff, DOLORES EVERETTE, further alleges that all written evaluations arising

out of alleged observations which never actually took place are fraudulent.

145.     Plaintiff, DOLORES EVERETTE, received her first alleged evaluation of partially

effective or worse on November 19, 2013 by Christie Whitzell.

146.     Because the written evaluation by Christie Whitzell for the November 19, 2013

         alleged observation was for an observation that never actually took place, it was

         false, arbitrary, capricious, and unfair.

147.     Plaintiff, DOLORES EVERETTE, received her second alleged evaluation of partially

         effective or worse on January 23, 2014 by the Defendant, GLORIA MARTINEZ-

         VEGA.

148.     Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for

         the January 23, 2014 alleged observation was for an observation that never

         actually took place, it was false, arbitrary, capricious, and unfair.

149.     Plaintiff, DOLORES EVERETTE, was forced to suffer intentional discrimination

         because of her age at her work location of Rafael Cordero Molina Elementary

         School.

150.     Plaintiff, DOLORES EVERETTE, received her third alleged evaluation of partially

         effective or worse on March 21, 2014 by Albert Wagner.

151.     Because the written evaluation by Albert Wagner for the March 21, 2014 alleged

         observation was for an observation that never actually took place, it was false,

         arbitrary, capricious, and unfair.

152.     Plaintiff, DOLORES EVERETTE, received a summative score for the 2013-2014

         school year of 2.0, partially effective, and was put on a CAP for the 2014-2015

         school year.

153.     Plaintiff, DOLORES EVERETTE, was, according to the Defendant, CAMDEN CITY

SCHOOL DISTRICT, allegedly evaluated for the 2014-2015 school year (1) by Defendant, GLORIA MARTINEZ-VEGA on September 30, 2014; (2) by Corinne Maggi on October 22, 2014; (3) by Defendant, GLORIA MARTINEZ-VEGA, on December 10, 2014; (4) by Corinne Maggi on February 10, 2015; and (5) by Jill Trainor on February 26, 2015.

154.    Plaintiff, DOLORES EVERETTE, denies that any of these evaluations actually took place.

155.    Plaintiff, DOLORES EVERETTE, further alleges that all written evaluations arising out of alleged observations which never actually took place are fraudulent.

156.    Beginning on or about September 30, 2014, Plaintiff, DOLORES EVERETTE, was again forced to suffer intentional discrimination because of her age for the duration of the 2014-2015 school year at her work location of Rafael Cordero Molina Elementary School.

157.    Plaintiff, DOLORES EVERETTE, received her first alleged evaluation of partially effective or worse on September 30, 2014 by Defendant, GLORIA MARTINEZ-VEGA.

158.    Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for the September 30, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

159.    Plaintiff, DOLORES EVERETTE, received her second alleged evaluation of partially effective or worse on October 22, 2014 by Corinne Maggi.

160.     Because the written evaluation by Corinne Maggi for the October 22, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

161.     Plaintiff, DOLORES EVERETTE, received her third alleged evaluation of partially effective or worse on December 10, 2014 by the Defendant, GLORIA MARTINEZ-VEGA.

162.     Because the written evaluation by the Defendant, GLORIA MARTINEZ-VEGA, for the December 10, 2014 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

163.     Plaintiff, DOLORES EVERETTE, received her fourth alleged evaluation of partially effective or worse on February 10, 2015 by Corinne Maggi.

164.     Because the written evaluation by Corinne Maggi for the February 10, 2015 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

165.     Plaintiff, DOLORES EVERETTE, received her fifth alleged evaluation of partially effective or worse on February 26, 2015 by Jill Trainor.

166.     Because the written evaluation by Jill Trainor for the February 26, 2015 alleged observation was for an observation that never actually took place, it was false, arbitrary, capricious, and unfair.

167.     Plaintiff, DOLORES EVERETTE, received a summative score for the 2014-2015 school year of 1.77, ineffective.

168.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the forwarding of tenure charges pending the next annual evaluation pursuant to N.J.S.A. 18A: 6-17.3a(2), an adverse employment action.

169.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to place the Plaintiff on administrative leave with pay, an adverse employment action.

170.     By letter from the State District Superintendent, Plaintiff, DOLORES EVERETTE, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

171.     Plaintiff, DOLORES EVERETTE, was forced to retire from the district, and by retiring gave up her right to contest the tenure charges filed against her.

172.     The circumstances which forced Plaintiff to retire were that (1) she could not afford to be suspended without pay for one hundred twenty days, and (2) she could not afford to risk losing her pension, benefits, and certification.

173.     Because Plaintiff could not afford the risks involved in fighting the tenure charges filed against her, her forced retirement was a constructive discharge.

JESSICA DEQUITO

174.    Plaintiff, JESSICA DEQUITO, was evaluated under the "Charlotte Danielson rubric" (1) by Brita Threadford-Woodard on November 21, 2013; (2) by the Defendant, KEITH MILES, on January 8, 2014; (3) by the Defendant, HYE-WON GEHRING, on March 5, 2014; and (4) by the Defendant, KEITH MILES, on April 14, 2014.

175.    Plaintiff, JESSICA DEQUITO, received her first evaluation of partially effective or worse on November 21, 2013 by Brita Threadford-Woodard.

176.    Because the written evaluation by Brita Threadford-Woodard for the November 21, 2013 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

177.    Plaintiff, JESSICA DEQUITO, received her second evaluation of partially effective or worse on January 8, 2014 by the Defendant, KEITH MILES.

178.    Because the written evaluation by the Defendant, KEITH MILES, for the January 8, 2014 observation contained false, contradictory, and inconsistent information, and the score was undeserved, subjective, and unwarranted, the written evaluation was arbitrary, capricious, and unfair.

179.    Plaintiff, JESSICA DEQUITO, was forced to suffer intentional discrimination because of her age at her work location of R.T. Cream Family School during the

2013-2014 school year.

180.   The intentional discrimination which Plaintiff, JESSICA DEQUITO, was forced to

suffer was directed to her by way of being ignored, and was conveyed to Plaintiff

on a frequent, pervasive, repeated basis by the Defendants, KEITH MILES and

HYE-WON GEHRING, during the workday at R.T. Cream Family School.

181.   Being ignored, which was conveyed to Plaintiff on a frequent, pervasive,

repeated basis, was of such a nature that it would detrimentally affect a

reasonable person in like circumstances to the Plaintiff, JESSICA DEQUITO.

182.   Being ignored, which was conveyed to Plaintiff on a frequent, pervasive,

repeated basis, did detrimentally affect Plaintiff, JESSICA DEQUITO.

183.   Plaintiff, JESSICA DEQUITO, received her third evaluation of partially effective or

worse on April 14, 2014 by the Defendant, KEITH MILES.

184.   Because the written evaluation by the Defendant, KEITH MILES, for the April 14,

2014 observation contained false, contradictory, and inconsistent information,

and the score was undeserved, subjective, and unwarranted, the written

evaluation was arbitrary, capricious, and unfair.

185.   Plaintiff, JESSICA DEQUITO, received a summative score for the 2013-2014 school

year of 2.6, partially effective, which was .05 less than the 2.65 summative score

needed to be effective, and was put on a CAP for the 2014-2015 school year.

186.   Plaintiff, JESSICA DEQUITO, was evaluated for the 2014 -2015 school year (1) by

33

Natalie Goode on September 12, 2014; (2) by the Defendant, HYE-WON

GEHRING, on October 20, 2014; (3) by the Defendant, HYE-WON GEHRING, on

November 13, 2014; and (4) by Jill Trainor on February 2, 2015.

187.     Plaintiff, JESSICA DEQUITO, received her first evaluation of partially effective or

worse on September 12, 2014 by Natalie Goode.

188.     Because the written evaluation by Natalie Goode for the September 12, 2014

observation contained false, contradictory, and inconsistent information, and the

score was undeserved, subjective, and unwarranted, the written evaluation was

arbitrary, capricious and unfair.

189.     Plaintiff, JESSICA DEQUITO, was again forced to suffer intentional discrimination

because of her age for the duration of the 2014-2015 school year at her work

location of R.T. Cream Family School.

190.     The intentional discrimination which Plaintiff, JESSICA DEQUITO, was forced to

suffer was directed to her by way of being ignored, which was conveyed to

Plaintiff on a frequent, pervasive, repeated basis by the Defendant, HYE-WON

GEHRING, during the workday at R.T. Cream Family School.

191.     Being ignored, which was conveyed to Plaintiff on a frequent, pervasive,

repeated basis, was of such a nature that it would detrimentally affect a

reasonable person in like circumstances to the Plaintiff, JESSICA DEQUITO.

192.     Being ignored, which was conveyed to Plaintiff on a frequent, pervasive,

repeated basis, did detrimentally affect Plaintiff, JESSICA DEQUITO.

193.      Plaintiff, JESSICA DEQUITO, received her second evaluation of partially effective
          or worse on October 20, 2014 by the Defendant, HYE-WON GEHRING.

194.      Because the written evaluation by the Defendant, HYE-WON GEHRING, for the
          October 20, 2014 observation contained false, contradictory, and inconsistent
          information, and the score was undeserved, subjective, and unwarranted, the
          written evaluation was arbitrary, capricious, and unfair.

195.      Plaintiff, JESSICA DEQUITO, received her third evaluation of partially effective or
          worse on November 13, 2014 by the Defendant, HYE-WON GEHRING.

196.      Because the written evaluation by the Defendant, HYE-WON GEHRING, for the
          November 13, 2014 observation contained false, contradictory, and inconsistent
          information, and the score was undeserved, subjective, and unwarranted, the
          written evaluation was arbitrary, capricious and unfair.

197.      Plaintiff, JESSICA DEQUITO, received her fourth evaluation of partially effective
          or worse on February 2, 2015 by Jill Trainor.

198.      Because the written evaluation by Jill Trainor for the February 2, 2015 was given
          at an inopportune time of day when the students in Plaintiff's class were hyperactive,
          the observation contained false, contradictory, and inconsistent information, the score

35

was undeserved, not representative of Plaintiff's ability as a special education teacher, subjective, and unwarranted, and the written evaluation was arbitrary, capricious and unfair.

199.     Plaintiff, JESSICA DEQUITO, received a summative score for the 2014-2015 school year of 2.48, partially effective.

200.     Plaintiff, JESSICA DEQUITO's summative score for the 2014-2015 school year did not reflect her true score for the 2014-2015 school year in that her summative score included an inaccurate transfer of data, making her summative score false, contradictory, inconsistent, arbitrary, capricious and unfair.

201.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the forwarding of tenure charges pending the next annual evaluation pursuant to N.J.S.A. 18A:6-17.3a(2), an adverse employment action.

202.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to place the Plaintiff on administrative leave with pay, an adverse employment action.

203.     By letter dated August 21, 2015 from the State District Superintendent, Plaintiff, JESSICA DEQUITO, was notified that she was being brought up on tenure charges of inefficiency and other just cause and that effective immediately, she was under suspension with pay, an adverse employment action.

204.     Plaintiff, JESSICA DEQUITO, was forced to retire from the district effective September 2, 2015 and by retiring gave up her right to contest the tenure

charges filed against her.

205.    The circumstances which forced Plaintiff to retire were that (1) she could not

afford to be suspended without pay for one hundred twenty days, and (2) she

could not afford to risk losing her pension, benefits, and certification.

206.    Because Plaintiff could not afford the risks involved in fighting the tenure charges

filed against her, her forced retirement was a constructive discharge.


THERESA ATWATER


207.    Plaintiff, THERESA ATWATER, was evaluated under "the Charlotte Danielson

rubric" for the 2013-2014 school year.

208.    Plaintiff, THERESA ATWATER, received evaluations of partially effective or worse

during the 2013-2014 school year.

209.    Because the written evaluations for the 2013-2014 school year contained false,

contradictory, and inconsistent information, and the score was undeserved,

subjective and unwarranted, the written evaluations for the 2013-2014 school

year were arbitrary, capricious, and unfair.

210.    Plaintiff, THERESA ATWATER, was forced to suffer intentional discrimination

because of her age at her work location of R.T. Cream Family School during the

20132014 school year by the Defendants, KEITH MILES and HYE-WON GEHRING.

37

211.     Plaintiff, THERESA ATWATER, received a summative score for the 2013-2014
school year of 2.39, partially effective, and was put on a CAP for the 2014-2015
school year.

212.     Plaintiff, THERESA ATWATER, was evaluated under "the Charlotte Danielson
rubric" for the 2014-2015 school year.

213.     Plaintiff, THERESA ATWATER, received evaluations of partially effective or worse
during the 2014-2015 school year.

214.     Because the written evaluations for the 2014-2015 school year contained false,
contradictory, and inconsistent information, and the score was undeserved,
subjective and unwarranted, the written evaluations for the 2014-2015 school
year were arbitrary, capricious, and unfair.

215.     Plaintiff, THERESA ATWATER, was again forced to suffer intentional
discrimination because of her age at her work location of R.T. Cream Family
School during the 2014-2015 school year by the Defendant, HYE-WON GEHRING.

216.     Plaintiff, THERESA ATWATER, received a summative score for the 2014-2015
school year of partially effective or worse.

217.     Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the
forwarding of tenure charges pending the next annual evaluation pursuant to
N.J.S.A. 18A:6-17.3a(2), an adverse employment action.

218.     By letter dated August 31, 2015, from the Chief Talent Officer, Plaintiff, THERESA
ATWATER, was notified that effective immediately, she was placed by the

Superintendent on administrative leave with pay due to issues including, but not limited to, her evaluation scores, an adverse employment action.

219.     Plaintiff, THERESA ATWATER, was forced to retire from the district on or about June 23, 2016, under threat by the district of being brought up on tenure charges for inefficiency.

220.     The circumstances which forced Plaintiff to retire were that she could not afford to risk losing her pension, benefits, and certification by fighting tenure charges.

221.     Because Plaintiff could not afford the risks involved in fighting tenure charges, her forced retirement was a constructive discharge.

39

JACQUELINE BALLINGER

222.     Plaintiff, JACQUELINE BALLINGER, was evaluated under the "Charlotte Danielson rubric" for the 2013-2014 school year.

223.     Plaintiff, JACQUELINE BALLINGER, received evaluations of partially effective or worse for the 2013-2014 school year.

224.     Because the written evaluations for the 2013-2014 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective, and unwarranted, the written evaluations for the 2013-2014 school year were arbitrary, capricious, and unfair.

225.     Plaintiff, JACQUELINE BALLINGER, was forced to suffer intentional discrimination because of her age at her work location of Cooper B. Hatch Family School during the 2013-2014 school year by the Defendant, LAURA BOYCE.

226.     The intentional discrimination which Plaintiff, JACQUELINE BALLINGER, was forced to suffer was directed to her by way of oral, severe, extreme derogatory age related remarks, which were conveyed to Plaintiff on a  frequent, pervasive, repeated basis by the Defendant, LAURA BOYCE, during the workday at Cooper B. Hatch Family School.

227.     The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that

40

they would detrimentally affect a reasonable person in like circumstances to the
Plaintiff, JACQUELINE BALLINGER.

228.     The oral, severe, extreme derogatory age-related remarks, which were conveyed
to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect
Plaintiff, JACQUELINE BALLINGER.

229.     Plaintiff, JACQUELINE BALLINGER, received a summative score for the 2013-2014
school year of partially effective, and she was put on a CAP for the 2014-2015
school year.

230.     Plaintiff, JACQUELINE BALLINGER, was evaluated under the "Charlotte Danielson
rubric" for the 2014-2015 school year.

231.     Plaintiff, JACQUELINE BALLINGER, received evaluations of partially effective or
worse for the 2014-2015 school year.

232.     Because the written evaluations for the 2014-2015 school year contained false,
contradictory, and inconsistent information, and the scores were undeserved,
subjective, and unwarranted, the written evaluations for the 2014-2015 school
year were arbitrary, capricious, and unfair.

233.     Plaintiff, JACQUELINE BALLINGER, was again forced to suffer intentional
discrimination because of her age at her work location of Cooper B. Hatch Family
School during the 2014-2015 school year by the Defendant, LAURA BOYCE.

234.     The intentional discrimination which Plaintiff, JACQUELINE BALLINGER, was again
forced to suffer was directed to her by way of oral, severe, extreme derogatory

41

age related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis by the Defendant, LAURA BOYCE, during the workday at Cooper B. Hatch Family School.

235.    The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, JACQUELINE BALLINGER.

236.    The oral, severe, extreme derogatory age-related remarks, which were conveyed to Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, JACQUELINE BALLINGER.

237.    Plaintiff, JACQUELINE BALLINGER, received a summative score for the 2014-2015 school year of partially effective.

238.    Defendant, PAYMON ROUHANIFARD, did not exercise the option to defer the forwarding of tenure charges pending the next annual evaluation pursuant to N.J.S.A. 18A:6-17.3a(2), an adverse employment action.

239.    By letter dated August 31, 2015 from the Chief Talent Officer, Plaintiff, JACQUELINE BALLINGER, was notified that effective immediately, she was placed by the Superintendent on administrative leave with pay, due to issues including, but not limited to, her evaluation scores, an adverse employment action.

240.    Plaintiff, JACQUELINE BALLINGER, was a Plaintiff in a lawsuit entitled Margaret Goode, et al. vs. Camden City School District, et al. filed in the United States District Court for the District of New Jersey under Civil Case No. 16-03936, a protected activity.

241.    By letter in August, 2016, Plaintiff, JACQUELINE BALLINGER, was reassigned by Defendant, PAYMON ROUHANIFARD, to teach high school level subjects at Camden High School.

242.    Plaintiff, JACQUELINE BALLINGER, was not capable of teaching the high school subjects which she was assigned to teach, nor was she certified to do so.

243.    The assignment of Plaintiff, JACQUELINE BALLINGER, to teach high school subjects at Camden High School for the 2016-2017 school year by Defendant, PAYMON ROUHANIFARD, was motivated by a desire to "break" Plaintiff.

244.    The assignment of Plaintiff, JACQUELINE BALLINGER, to teach high school subjects at Camden High School for the 2016-2017 school year by Defendant, PAYMON ROUHANIFARD, was retaliation against her for being a plaintiff in a lawsuit against the school district and had no legitimate purpose.

245.    The assignment of Plaintiff, JACQUELINE BALLINGER, to teach high school subjects at Camden High School for the 2016-2017 school year did succeed in "breaking" her, leading to a leave of absence starting September 16, 2016 for a work-related psychiatric disability which continues to the present day.

43

RENA PIERCE

246.     Plaintiff, RENA PIERCE, was evaluated under "the Charlotte Danielson rubric" for the 2014-2015 school year.

247.     Plaintiff, RENA PIERCE, received evaluations of partially effective or worse during the 2014-2015 school year.

248.     Because the written evaluations for the 2014-2015 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective and unwarranted, the written evaluations for the 2014-2015 school year were arbitrary, capricious, and unfair.

249.     Plaintiff, RENA PIERCE, was forced to suffer intentional discrimination because of her age at her work location of Woodrow Wilson High School during the 2014-2015 school year by Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON.

250.     The intentional discrimination which Plaintiff, RENA PIERCE, was forced to suffer was directed to her by way of (1) oral and written, severe, extreme derogatory age related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH

MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON during the workday at Woodrow Wilson High School.

251.     The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, were of such a nature that they would detrimentally affect a reasonable person in like circumstances to the Plaintiff, RENA PIERCE.

252.     The (1) oral and written, severe, extreme derogatory age-related remarks and remedial requirements, and (2) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, RENA PIERCE.

253.     Plaintiff, RENA PIERCE, spoke out about and made Defendants, KEITH MILES and CAMERON BAYNES, aware of, during the 2014-2015 school year, the (1) undeserved, subjective and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, and repeated basis, and (4) age-related physical labor requirements, to move her materials five

to six times per day between classrooms in two separate buildings, which

Plaintiff was required to do on a frequent, pervasive, and repeated basis.

254.    Plaintiff, RENA PIERCE's speech was a protected activity.

255.    Notwithstanding being put on notice by Plaintiff of the (1) undeserved,

subjective and unwarranted scores on the Charlotte Danielson rubric, (2)

arbitrary, capricious, and unfair evaluations, (3) oral and written, severe,

extreme derogatory age related remarks and remedial requirements, to which

she was being subjected on a frequent, pervasive, repeated basis, and (4) age-

related physical labor requirements, to move her materials five to six times per

day between classrooms in two separate buildings, which she was being required

to do on a frequent, pervasive, repeated basis, the Defendants, KEITH MILES and

CAMERON BAYNES, reacted with deliberate indifference and took no action to

put an end to the acts concerning which Plaintiff, RENA PIERCE, spoke out.


255A.   Plaintiff, RENA PIERCE, was a chosen union representative.

256.    The deliberate indifference and continuation of the same intolerable acts with which the Defendants, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's speech and grievance-airing was retaliation for that speech and grievance-airing.

257.    Plaintiff, RENA PIERCE, received a summative score for the 2014-2015 school year of partially effective, and she was put on a CAP for the 2015-2016 school year.

258.    Plaintiff, RENA PIERCE, was evaluated under "the Charlotte Danielson rubric" for the 2015-2016 school year.

259.    Plaintiff, RENA PIERCE, received evaluations of partially effective or worse during the 2015-2016 school year.

260.    Because the written evaluations for the 2015-2016 school year contained false, contradictory, and inconsistent information, and the scores were undeserved, subjective, and unwarranted, the written evaluations for the 2015-2016 school year were arbitrary, capricious, and unfair.

261.    Plaintiff, RENA PIERCE, was again forced to suffer intentional discrimination

because of her age during the 2015-2016 school year at her work location of

Woodrow Wilson High School by the Defendants, KEITH MILES, CAMERON

BAYNES, and GENEVIEVE BYRD-ROBINSON.

262.     The intentional discrimination which Plaintiff, RENA PIERCE, was forced to suffer

was directed to her by way of (1) oral and written, severe, extreme derogatory

age related remarks and remedial requirements, and (2) age-related physical

labor requirements, to move her materials five to six times per day between

classrooms in two separate buildings, which were conveyed to and required of

Plaintiff on a frequent, pervasive, repeated basis by the Defendants, KEITH

MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, during the

workday at Woodrow Wilson High School.

263.     The (1) oral and written, severe, extreme derogatory age-related remarks and

remedial requirements, and (2) age-related physical labor requirements, to move

her materials five to six times per day between classrooms in two separate

buildings, which were conveyed to and required of Plaintiff on a frequent,

pervasive, repeated basis, were of such a nature that they would detrimentally

affect a reasonable person in like circumstances to the Plaintiff, RENA PIERCE.

264.     The (1) oral and written, severe, extreme derogatory age-related remarks and

remedial requirements, and (2) age-related physical labor requirements , to

move her materials five to six times per day between classrooms in two separate

48

buildings, which were conveyed to and required of Plaintiff on a frequent, pervasive, repeated basis, did detrimentally affect Plaintiff, RENA PIERCE.

265.    During the course of the 2015-2016 school year, the Plaintiff, RENA PIERCE, formed a reasonable belief that the Defendants, CAMDEN CITY SCHOOL DISTRICT, KEITH MILES, CAMERON BAYNES and GENEVIEVE BYRD-ROBINSON were violating public policy.

266.    The public policy that the Plaintiff, RENA PIERCE, formed a reasonable belief was being violated was that the teacher evaluations under the Charlotte Danielson rubric should be fair and unbiased.

267.    Plaintiff, RENA PIERCE, spoke out about, and made Defendants, KEITH MILES and CAMERON BAYNES, aware of, during the 2015-2016 school year, the (1) undeserved, subjective, and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age related remarks and remedial requirements, which Plaintiff was being subjected to on a frequent, pervasive, repeated basis, and (4) age-related physical labor requirements, to move her materials five to six times per day between classrooms in two separate buildings, which Plaintiff was required to do on a frequent, pervasive, repeated basis.

268.    Plaintiff, RENA PIERCE's speech and grievance-airing was a protected activity.

269.    Plaintiff, RENA PIERCE's activity was whistleblowing activity.

49

270.     Notwithstanding being put on notice by Plaintiff of the (1) undeserved, subjective, and unwarranted scores on the Charlotte Danielson rubric, (2) arbitrary, capricious, and unfair evaluations, (3) oral and written, severe, extreme derogatory age related remarks and remedial requirements, to which she was being subjected on a frequent, pervasive, repeated basis, and (4) age-related physical labor requirements, to move her materials five to six times per day between classrooms, which she was being required to do on a frequent, pervasive, repeated basis, the Defendants, KEITH MILES and CAMERON BAYNES, reacted with deliberate indifference, and took no action to put an end to the acts concerning which Plaintiff, RENA PIERCE, spoke out.

271.     The deliberate indifference and continuation of the same intolerable acts with which Defendants, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's speech and grievance-airing was retaliation for that speech and grievance-airing.

272.     The deliberate indifference and continuation of the same intolerable acts with which Defendants, CAMDEN CITY SCHOOL DISTRICT, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's whistleblowing activity was retaliation for that whistleblowing activity.

273.     The deliberate indifference and continuation of the same intolerable acts with which Defendants, KEITH MILES and CAMERON BAYNES, reacted to Plaintiff's speech and grievance-airing was an adverse employment action.

274.     The deliberate indifference and continuation of the same intolerable acts with

50

which Defendants, CAMDEN CITY SCHOOL DISTRICT, KEITH MILES and CAMERON

BAYNES, reacted to Plaintiff's whistleblowing activity was an adverse

employment action.

275.     Retaliation for whistleblowing activity played a role in the Defendants, CAMDEN

CITY SCHOOL DISTRICT's, KEITH MILES' and CAMERON BAYNES' acts of deliberate

indifference and continuation of the same intolerable acts of oppression, and

made an actual difference in Defendants, CAMDEN CITY SCHOOL DISTRICT's,

KEITH MILES' and CAMERON BAYNES' acts.

276.     Retaliation for the exercise of a protected activity was a substantial factor in the

Defendants, KEITH MILES' and CAMERON BAYNES' acts.

277.     Defendants, KEITH MILES' and CAMERON BAYNES' acts were sufficient to deter a

person of ordinary firmness from exercising her First Amendment rights.

278.     Plaintiff informed Defendant, CAMDEN CITY SCHOOL DISTRICT, of her retirement

from the district in February, 2016, effective May 1, 2016.

279.     Plaintiff, RENA PIERCE, was forced to retire from the district because the

conditions of her employment, which Defendant, KEITH MILES, knowingly

permitted to continue, had become so intolerable that a reasonable person

subject to those conditions of employment would also resign.

280.     Because Plaintiff, RENA PIERCE's, retirement resulted from intolerable conditions which Defendant, KEITH MILES, knowingly permitted to continue, Plaintiff, RENA PIERCE's retirement was a constructive discharge.

281.     As a direct and proximate result of the acts of the Defendant, CAMDEN CITY SCHOOL DISTRICT, as aforesaid, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment action(s), constructive discharge from employment, illness, emotional distress, mental anguish, humiliation, inconvenience, disruption in their professional work lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss including but not limited to lost wages, back pay and front pay, lost pension benefits, lost social security retirement benefits, and added cost of medical insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE request judgment against the Defendant, CAMDEN CITY SCHOOL DISTRICT, on this Count under the ADEA for compensatory damages; equitable relief including but not limited to (1) reinstatement to former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4) restoration of number of years of service; double liquidated damages pursuant to 29 U.S.C. Section 626(b); punitive damages; reasonable attorney's fees; interest; and costs of suit.

COUNT II

ADEA VIOLATION(S) OF HOSTILE WORK ENVIRONMENT BY DEFENDANT, CAMDEN CITY SCHOOL

DISTRICT

277.    Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE BALLINGER, and

RENA PIERCE repeat the allegations of the First Count, and incorporate the same by

reference as if fully set forth at length herein.

278.    Defendant, CAMDEN CITY SCHOOL DISTRICT, created a hostile work environment

at its workplaces which employed Plaintiffs, based on age-related animus to the

detriment of Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE

BALLINGER, and RENA PIERCE, in violation of Section 4(a) of the ADEA, 29 U.S.C.

Section 623(a).

279.    As a direct and proximate result of the acts of the Defendant, CAMDEN CITY

SCHOOL DISTRICT, as aforesaid, Plaintiffs, MARGARET GOODE, JESSICA DEQUITO,

JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment

action(s), constructive discharge from employment, illness, emotional distress,

mental anguish, humiliation, inconvenience, disruption in their professional work

lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic

loss including but not limited to lost wages, back pay and front pay, lost pension

benefits, lost social security retirement benefits, and added cost of medical

insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,

JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE, request

judgment against the Defendant, CAMDEN CITY SCHOOL DISTRICT, on this Count under the

ADEA for compensatory damages; equitable relief including but not limited to (1)

reinstatement to former position or its equivalent, (2) restoration of back pay, (3)

restoration of seniority, and (4) restoration of number of years of service; double liquidated

damages pursuant to 29 U.S.C. Section 626(b); punitive damages; reasonable attorney's

fees; interest; and costs of suit.

COUNT III

SECTION 1983 CLAIM FOR FIRST AMENDMENT VIOLATION(S) BY INDIVIDUAL DEFENDANTS

280.     Plaintiffs, MARGARET GOOD, JACQUELINE BALLINGER, and RENA PIERCE
repeat the allegations of the First Count, and incorporate the same by reference
as if fully set forth at length herein.

281.   Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER, and RENA PIERCE bring
suit under 42 U.S.C. Section 1983.

282.   The retaliatory acts of Defendants, PAYMON ROUHANIFARD and HYE-WON
GEHRING, violated Plaintiff, MARGARET GOODE's federal constitutional rights,

54

particularly her rights to free speech and to petition the government for a redress of grievances, under the First Amendment to the Constitution of the United States.

283.   The retaliatory acts of Defendant, PAYMON ROUHANIFARD, violated Plaintiff, JACQUELINE BALLINGER's federal constitutional rights, particularly her rights to free speech and to petition the government for a redress of grievances, under the First Amendment to the Constitution of the United States.

284.   The retaliatory acts of Defendants, KEITH MILES and CAMERON BAYNES, violated Plaintiff, RENA PIERCE's federal constitutional rights, particularly her right to free speech and to petition the government for a redress of grievances under the First Amendment to the Constitution of the United States.

285.   As a direct and proximate result of the acts of the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, and CAMERON BAYNES, as aforesaid, Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment action(s), constructive discharge from employment, illness, emotional distress, mental anguish, humiliation, inconvenience, disruption in their professional work lives, frustration, loss if self-esteem, sleeplessness, weight loss, and economic loss including but not limited to lost wages, back pay and front pay, lost pension benefits, lost social security retirement benefits, and added cost of medical insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER, and RENA PIERCE

request judgment against the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-

WON GEHRING, and CAMERON BAYNES on this Count under 42 U.S.C. Section 1983 for

compensatory damages; equitable relief including but not limited to (1) reinstatement to

former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority,

and (4) restoration of number of years of service; punitive damages; reasonable attorney's

fees; interest; and costs of suit.

COUNT IV

NJLAD AGE DISCRIMINATION VIOLATION(S) BY DEFENDANT, CAMDEN CITY SCHOOL DISTRICT

286.    Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,
JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA
PIERCE repeat the allegations of the First Count, and incorporate the same by
reference as if fully set forth at length herein.

287.    The acts of Defendant, CAMDEN CITY SCHOOL DISTRICT, violated Plaintiff,
MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA
ATWATER, JACQUELINE BALLINGER, and RENA PIERCE's rights under the laws of the
State of New Jersey, particularly their rights not to be discriminated against by reason of
age, under Section 11 of the NJLAD, N.J.S.A. 10:5-12a.

288.    As a direct and proximate result of the acts of the Defendant, CAMDEN

CITY SCHOOL DISTRICT, as aforesaid, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment action(s), constructive discharge from employment, illness, emotional distress, mental anguish, humiliation, inconvenience, disruption in their professional work lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss including but not limited to lost wages, back pay and front pay, lost pension benefits, lost social security retirement benefits, and added costs of medical insurance.

WHEREFORE, Plaintiffs MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE request judgment against the Defendant, CAMDEN CITY SCHOOL DISTRICT, on this Count under the NJLAD for compensatory damages; equitable relief including but not limited to (1) reinstatement to former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4) restoration of number of years of service; punitive damages; reasonable attorney's fees; interest; and costs of suit.

COUNT V

NJLAD AGE-RELATED VIOLATION(S) OF HOSTILE WORK ENVIRONMENT BY DEFENDANT,

CAMDEN CITY SCHOOL DISTRICT

289.     Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE

BALLINGER, and RENA PIERCE repeat the allegations of the First Count, and

incorporate the same by reference as if fully set forth at length herein.

290.     Defendant, CAMDEN CITY SCHOOL DISTRICT, created a hostile work environment

at its workplaces which employed Plaintiffs, based on age-related animus, to the

detriment of Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE

BALLINGER, and RENA PIERCE, in violation of Section 11 of the NJLAD, N.J.S.A.

10:5-12a.

291.     As a direct and proximate result of the acts of the Defendant, CAMDEN CITY

SCHOOL DISTRICT, as aforesaid, Plaintiffs, MARGARET GOODE, JESSICA DEQUITO,

JACQUELINE BALLINGER, and RENA PIERCE have suffered adverse employment

action(s), constructive discharge from employment, illness, emotional distress,

mental anguish, humiliation, inconvenience, disruption in their professional work

lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic

loss including but not limited to lost wages, back pay and front pay, lost pension

benefits, lost social security retirement benefits, and added cost of medical

insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE BALLINGER,

and RENA PIERCE request judgment against the Defendant, CAMDEN CITY SCHOOL

DISTRICT, on this Count under the NJLAD for compensatory damages; equitable relief

including but not limited to (1) reinstatement to former position or its equivalent, (2)

restoration of back pay, (3) restoration of seniority, and (4) restoration of number of years

of service; punitive damages; reasonable attorney's fees; interest; and costs of suit.


COUNT VI

NJLAD AGE DISCRIMINATION VIOLATION(S) BY INDIVIDUAL DEFENDANTS

292.    Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES

EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE

BALLINGER, and RENA PIERCE repeat the allegations of the First Count,

and incorporate the same by reference as if fully set forth at length

herein.

293.    The acts of Defendants, PAYMON ROUHANIFARD, KEITH MILES and HYE-WON

GEHRING, as aiders and abettors, violated Plaintiff, MARGARET GOODE, NICOLE

MANN, JESSICA DEQUITO, and THERESA ATWATER's rights under the laws of the

State of New Jersey, particularly their rights under Section 11 of the NJLAD,

N.J.S.A. 10:5-12e.

294.    The acts of Defendants, PAYMON ROUHANIFARD and GLORIA MARTINEZ-VEGA,

as aiders and abettors, violated Plaintiff, DOLORES EVERETTE's rights under the

laws of the State of New Jersey, particularly her rights under Section 11 of the

59

NJLAD, N.J.S.A. 10:5-12e.

295.     The acts of Defendants, PAYMON ROUHANIFARD and LAURA BOYCE, as aiders
         and abettors, violated Plaintiff, JACQUELINE BALLINGER's rights under the laws
         of the State of New Jersey, particularly her rights under Section 11 of the NJLAD,
         N.J.S.A. 10:5-12e.

296.     The acts of Defendants, PAYMON ROUHANIFARD, KEITH MILES, CAMERON
         BAYNES, and GENEVIEVE BYRD-ROBINSON, as aiders and abettors, violated
         Plaintiff, RENA PIERCE's rights under the laws of the State of New Jersey,
         particularly her rights under Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

297.     As a direct and proximate result of the acts of the Defendants, PAYMON
         ROUHANIFARD, KEITH MILES, HYE-W0N GEHRING, GLORIA MARTINEZ-VEGA,
         LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON as
         aforesaid, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,
         JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA
         PIERCE have suffered adverse employment action(s), constructive discharge from
         employment, illness, emotional distress, mental anguish, humiliation,
         inconvenience, disruption in their professional work lives, frustration, loss of self-
         esteem, sleeplessness, weight loss, and economic loss including but not limited
         to lost wages, back pay and front pay, lost pension benefits, lost social security
         retirement benefits, and added cost of medical insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE request judgment against the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON on this Count under the NJLAD for compensatory damages; equitable relief including but not limited to (1) reinstatement to former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4) restoration of number of years of service; punitive damages; reasonable attorney's fees; interest; and costs of suit.

COUNT VII

NJLAD AGE-RELATED VIOLATION(S) OF HOSTILE WORK ENVIRONMENT BY INDIVIDUAL DEFENDANTS

298.    Plaintiffs, MARGARET GOODE, JESSICA DEQUITO, JACQUELINE BALLINGER, and RENA PIERCE repeat the allegations of the First Count, and incorporate the same by reference as if fully set forth at length herein.

299.    Defendants, KEITH MILES and HYE-WON GEHRING, as aiders and abettors, created a hostile work environment at the workplaces which employed Plaintiffs, based on age-related animus, to the detriment of Plaintiffs, MARGARET GOODE and JESSICA DEQUITO, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-12e.

300.    Defendant, LAURA BOYCE, as an aider and abettor, created a hostile work

61

environment at the workplace which employed Plaintiff, JACQUELINE

BALLINGER, based on age-related animus, to the detriment of Plaintiff,

JACQUELINE BALLINGER, in violation of Section 11 of the NJLAD, N.J.S.A. 10:5-

12e.

301.     Defendants, KEITH MILES, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON,

as aiders and abettors, created a hostile work environment at the workplace

which employed Plaintiff, RENA PIERCE, based on age-related animus, to the

detriment of Plaintiff, RENA PIERCE, in violation of Section 11 of the NJLAD,

N.J.S.A. 10:5-12e.

302.     As a direct and proximate result of the acts of the Defendants, KEITH MILES, HYE-

WON GEHRING, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-

ROBINSON as aforesaid, Plaintiffs, MARGARET GOODE, JESSICA DEQUITO,

JACQUELINE BALLINGER and RENA PIERCE have suffered adverse employment

action(s), constructive discharge from employment, illness, emotional distress,

mental anguish, humiliation, inconvenience, disruption in their professional work

lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic

loss including but not limited to lost wages, back pay and front pay, lost pension

benefits, lost social security retirement benefits, and added cost of medical

insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, JESSICA DEQUIT0, JACQUELINE BALLINGER and

RENA PIERCE request judgment against Defendants, KEITH MILES, HYE-WON GEHRING, LAURA

BOYCE, CAMERON BAYNES and GENEVIEVE BYRD-ROBINSON on this Count under the NJLAD for

compensatory damages; equitable relief including but not limited to (1) reinstatement to

former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4)

restoration of number of years of service; punitive damages; reasonable attorney's fees;

interest; and costs of suit.

## COUNT VIII

### NJCRA CLAIM FOR FREE SPEECH AND RIGHT TO PETITION VIOLATION(S) AGAINST INDIVIDUAL DEFENDANTS

303.    Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER, and RENA PIERCE

repeat the allegations of the First Count, and incorporate the same by reference

as if fully set forth at length herein.

304.    Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER, and RENA PIERCE bring

suit under the NJCRA, N.J.S.A. 10:6-2(c).

305.    The retaliatory acts of Defendants, PAYMON ROUHANIFARD and HYE-WON

GEHRING, violated Plaintiff, MARGARET GOODE's state constitutional rights,

particularly her right to free speech and to petition the government for a redress

of grievances, under Article I Paragraphs 1, 6 and 18 of the Constitution of the

State of New Jersey.

306.    The retaliatory acts of Defendant, PAYMON ROUHANIFARD, violated

Plaintiff, JACQUELINE BALLINGER's state constitutional rights, particularly her

right to free speech and to petition the government for a redress of grievances,

under Article I Paragraphs 1, 6 and 18 of the Constitution of the State of New

Jersey.

307.    The retaliatory acts of Defendants, PAYMON ROUHANIFARD, KEITH MILES and

CAMERON BAYNES, violated Plaintiff, RENA PIERCE's state constitutional rights,

particularly her right to free speech, petition the government for a redress of

grievances and to air grievances under Article I Paragraphs 1 and 6 and 18 and 19

of the Constitution of the State of New Jersey.

308.    As a direct and proximate result of the acts of the Defendants, PAYMON

ROUHANIFARD, KEITH MILES, HYE-WON GEHRING and CAMERON BAYNES, as

aforesaid, Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER and RENA

PIERCE have suffered adverse employment action(s), constructive discharge from

employment, illness, emotional distress, mental anguish, humiliation,

inconvenience, disruption in their professional work lives, frustration, loss of self-

esteem, sleeplessness, weight loss, and economic loss including but not limited

to lost wages, back pay and front pay, lost pension benefits, lost social security

retirement benefits, and added cost of medical insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, JACQUELINE BALLINGER and RENA PIERCE

request judgment against the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-

WON GEHRING and CAMERON BAYNES on this Count under the NJCRA for compensatory

damages; equitable relief including but not limited to (1) reinstatement to former position

or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4) restoration

of number of years of service; punitive damages; reasonable attorney's fees; interest; and

costs of suit.


COUNT IX

NJ DOCTRINE OF FUNDAMENTAL FAIRNESS VIOLATION(S) AGAINST INDIVIDUAL DEFENDANTS

309.　　Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,
JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA
PIERCE repeat the allegations of the First Count, and incorporate the same by
reference as if fully set forth at length herein.

310.　　The Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON
GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and
GENEVIEVE BYRD-ROBINSON were state actors.

311.　　The acts and procedures by the Defendants, PAYMON ROUHANIFARD,
KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE,
CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, as more particularly
described in the First Count, were unjust and arbitrary.

312.　　Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING,

GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON violated Plaintiff, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER, and RENA PIERCE's right to be free from unjust and arbitrary governmental action, and in particular from governmental procedures that tend to operate arbitrarily, under the New Jersey state doctrine of fundamental fairness.

313.     As a direct and proximate result of the acts of the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING, GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-ROBINSON, as aforesaid, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER and RENA PIERCE have suffered adverse employment action(s), constructive discharge from employment, illness, emotional distress, mental anguish, humiliation, inconvenience, disruption in their professional work lives, frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss including but not limited to lost wages, back pay and front pay, lost pension benefits, lost social security retirement benefits, and added cost of medical insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE, JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER and RENA PIERCE request judgment against the Defendants, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON GEHRING,

GLORIA MARTINEZ-VEGA, LAURA BOYCE, CAMERON BAYNES, and GENEVIEVE BYRD-

ROBINSON on this Count under the NJ Doctrine of Fundamental Fairness for compensatory

damages; equitable relief including but not limited to (1) reinstatement to former position

or its equivalent, (2) restoration of back pay, (3) restoration of seniority, and (4) restoration

of number of years of service; punitive damages; reasonable attorney's fees; interest; and

costs of suit.


## COUNT X

CEPA VIOLATION(S) AGAINST DEFENDANTS, CAMDEN CITY SCHOOL DISTRICT, PAYMON

ROUHANIFARD, HYE-WON GEHRING, KEITH MILES AND CAMERON BAYNES


314.	Plaintiffs, MARGARET GOODE and RENA PIERCE, repeat the allegations of

the First Count, and incorporate the same by reference as if fully set forth at

length herein.

315.	The acts by Plaintiffs, MARGARET GOODE and RENA PIERCE, as more

particularly described in the First Count, were whistleblowing activity.

316.	Defendants, CAMDEN CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD and HYE-

WON GEHRING are liable to Plaintiff, MARGARET GOODE, for CEPA violation(s)

under N.J.S.A. 34:19-3 for retaliation for whistleblowing activity.

317.	Defendants, CAMDEN CITY SCHOOL DISTRICT, KEITH MILES and CAMERON

BAYNES are liable to Plaintiff, RENA PIERCE, for CEPA violation(s) under N.J.S.A. 34:19-3

for retaliation for whistleblowing activity.

318.     As a direct and proximate result of the acts of the Defendants, CAMDEN

CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD, KEITH MILES, HYE-WON

GEHRING, and CAMERON BAYNES, as aforesaid, Plaintiffs, MARGARET GOODE

and RENA PIERCE, have suffered adverse employment action(s), constructive

discharge from employment, illness, emotional distress, mental anguish,

humiliation, inconvenience, disruption in their professional work lives,

frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss

including but not limited to lost wages, back pay and front pay, lost pension

benefits, lost social security retirement benefits, and added cost of medical

insurance.

WHEREFORE, Plaintiffs, MARGARET GOODE and RENA PIERCE request judgment against the

Defendants, CAMDEN CITY SCHOOL DISTRICT, PAYMON ROUHANIFARD, KEITH MILES, HYE-

WON GEHRING, and CAMERON BAYNES for compensatory damages; equitable relief including

but not limited to (1) reinstatement to former position or its equivalent, (2) restoration of back

pay, (3) restoration of seniority, and (4) restoration of number of years of service; punitive

damages; reasonable attorney's fees; interest; and costs of suit.

COUNT XI

319.     Plaintiffs, MARGARET GOODE, NICOLE MANN, DOLORES EVERETTE,

JESSICA DEQUITO, THERESA ATWATER, JACQUELINE BALLINGER and RENA

PIERCE, repeat the allegations of the First Count, and incorporate the same by

reference as if fully set forth at length herein.

320.     The Defendants, JOHN DOES 1-20, were fictitious individuals whose

actual identity is unknown and who were governmental entities or state actors,

who violated the Plaintiffs' rights under the ADEA, 42 U.S.C. Section 1983, the

NJLAD, the NJCRA, the NJ Doctrine of Fundamental Fairness, and/or CEPA.

321.     As a direct and proximate result of the acts of the Defendants, JOHN

DOES 1-20, as aforesaid, Plaintiffs have suffered adverse employment action(s),

constructive discharge from employment, illness, emotional distress, mental

anguish, humiliation, inconvenience, disruption in their professional work lives,

frustration, loss of self-esteem, sleeplessness, weight loss, and economic loss

including but not limited to lost wages, back pay and front pay, lost pension

benefits, lost social security retirement benefits, and added cost of medical

insurance.

WHEREFORE, Plaintiffs request judgment against the Defendants, JOHN DOES 1-20, for

compensatory damages; equitable relief including but not limited to (1) reinstatement to

former position or its equivalent, (2) restoration of back pay, (3) restoration of seniority,

and (4) restoration of number of years of service; double liquidated damages pursuant to

29 U.S.C. Section 626(b); punitive damages; reasonable attorney's fees; and costs of suit.


JURY DEMAND


Plaintiffs demand a trial by jury of all issues which are triable by a jury.




Respectfully submitted,

KOBER LAW FIRM, LLC


BY:  _s/ Peter Kober_____

Peter Kober, Esq.


DATED: April 5, 2018

70