NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Margaret GOODE, et al., | |
| Plaintiffs, | |
| v. | Civil No. 16-3936 (RBK/JS) |
| | **OPINION** |
| CAMDEN CITY SCHOOL DISTRICT, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs Margaret Goode and Rena Pierce's Motion for Reconsideration (Doc. No. 112) of a portion of the Court's November 22, 2019 Opinion (Doc. No. 109). For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**I.    BACKGROUND**

This case concerns allegations that the Camden City School District attempted to purge itself of its older teachers by deliberately sabotaging their performance evaluations. *See Goode v. Camden City Sch. Dist.*, No. 16-03936, 2019 WL 6243156, at *1–4 (D.N.J. Nov. 22, 2019) (setting forth in detail the facts of this case). Plaintiffs Goode and Pierce were two of the teachers caught up in the alleged purge; Defendant Hye-Won Gehring was the co-principal at Goode's school, while Defendant Keith Miles was the principal at Pierce's. *Id*. at *1–3. In addition to various claims based on age-discrimination, Goode and Pierce assert that Defendants retaliated against them for activity protected both by the First Amendment and by the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*, as "whistle-blowing." *Goode*, 2019 WL

1

6243156, at *1. Goode points to five instances of speech she asserts are protected by the First Amendment and CEPA; Pierce points to nine. *Id*. at *10–11.

The Court's November 22, 2019 Opinion and Order (Doc. Nos. 109, 110) granted in part and denied in part Defendants' Motion for Summary Judgment (Doc. No. 95). In particular, the Court found that Goode did not engage in any activity that touched upon matters of public concern, as required to invoke First Amendment protection, while Pierce only engaged in a single type of activity. *Goode*, 2019 WL 6243156, at *9–12. When the Court analyzed Plaintiffs' CEPA claims, it found that the test for whether activity is protected whistle-blowing is substantially similar to the public concern inquiry under the First Amendment. *Id*. at *15. As such, the Court reached the same result, finding that Goode did not engage in any protected whistle-blowing activity and that Pierce engaged in one type of protected activity. *Id*. The present motion contends that the Court clearly erred in its analysis of whether Plaintiffs engaged in whistle-blowing under CEPA, and thus seeks to vacate that portion (Section III.C.i) of the Court's prior Opinion.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court in matters that the party believes the judge has "overlooked." *Carney v. Pennsauken Twp. Police Dep't*., No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013); *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, Civ. No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need

to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion under Rule 7.1(i) may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *See, e.g.*, *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration is not a vehicle for raising new arguments.

## III. DISCUSSION

Plaintiffs assert that the Court committed a clear error of law by applying an overly stringent standard when assessing whether Plaintiffs engaged in whistle-blowing activity protected by CEPA. (Doc. No. 112-1 ("Pl. Brief") at 5–10). CEPA creates six categories of protected whistle-blowing activity, five of which are relevant here. N.J.S.A. 34:19-3a.(1) ("Section 3a.(1)") applies when the employee "[d]iscloses or threatens to disclose to a supervisor or to a public body" illegal employer activity, while N.J.S.A. 34:19-3a.(2) ("Section 3a.(2)") similarly applies to disclosures of "fraudulent or criminal" employer activity. N.J.S.A. 34:19-3c.(1) ("Section 3.c(1)") applies when an employee "[o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes" is illegal, while N.J.S.A. 34:19-3.c(2) ("Section 3.c(2)") applies when the employee objects to employer activity that is "fraudulent or criminal," and N.J.S.A. 34-19-3.c(3) ("Section 3.c(3)") applies when the employee objects to employer activity that is "incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment." Plaintiffs assert that they are bringing claims under all five of these sections, and that all five of these sections apply to every instance of allegedly protected activity that Goode and Pierce engaged in. (Pl. Brief at 6–7).

In *Estate of Roach v. TRW, Inc.*, the New Jersey Supreme Court found that claims under Section 3.c(3) have unique requirements that do not apply to other sections of CEPA. 754 A.2d 544, 550 (N.J. 2000). Plaintiffs disagree with the Court's interpretation of what those "unique requirements" are. Plaintiffs read *Estate of Roach* to mean that Section 3.c(3) claims alone require proof that the employee's complaints involved matters of the public interest, and that therefore Plaintiffs' complaints may serve as the basis for claims under Sections 3.a(1), 3.a(2), 3.c(1), and 3.c(2) regardless of whether those complaints touched on matters of public concern. (Pl. Brief at 6–7). As a result, they assert that the Court erred by finding the CEPA whistle-blowing inquiry similar to the First Amendment public concern test for their Section 3.a(1), 3.a(2), 3.c(1), and 3.c(2) claims.[1]

In in its prior Opinion, the Court considered *Estate of Roach*, and construed its holding far more narrowly. *See Goode*, 2019 WL 6243156, at *14 (citing *Estate of Roach*). As "mere disagreement with the Court's decision is not a basis for reconsideration," Plaintiffs' motion could be denied without spilling any more ink. *Muraveva v. City of Wildwood*, No. 17-916, 2019 WL 3818302, at *3 (D.N.J. Aug. 14, 2019). But because the Court did not fully explain its interpretation of *Estate of Roach* in its prior Opinion, it will do so here, in the interest of clarity.

The *Estate of Roach* plaintiff brought claims under Sections 3a, 3.c(1), 3.c(2), and 3.c(3). Relying on an earlier New Jersey Supreme Court case, *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000 (N.J. 1998), the defendant argued that "employees must specifically prove their complaints involve a matter of public interest" in order bring a claim under any section of CEPA. 754 A.2d at 550. The New Jersey Supreme Court rejected that argument:

> Defendant's reliance on *Mehlman* is misplaced. In that case, we specifically considered whether a plaintiff must know the exact source of public policy when asserting a CEPA claim under section 3c.(3). Because *Mehlman* pertained solely to

---

[1] Plaintiffs appear to accept that the two inquiries are similar for purposes of Section 3.c(3) claims.

> a complaint brought under section 3c.(3), our holding in that case does not import the requirements of that section to other parts of CEPA . . . . [W]e are satisfied that the Legislature did not intend to hamstring conscientious employees by requiring that they prove in all cases that their complaints involve violations of a defined public policy.

*Id*. That is, *Estate of Roach* simply holds that plaintiffs bringing claims under Section 3.c(3) have the unique requirement of proving that their claims involved "violations of a defined public policy," that and plaintiffs proceeding under other sections of CEPA do not.

In its prior Opinion, the Court in no way required Plaintiffs to prove that their complaints involved violations of a defined public policy in order to bring claims under Sections 3.a(1), 3.a(2), 3.c(1), and 3.c(2). Rather, the Court simply identified and enforced two restrictions on CEPA's protection that cut across all sections of the statute: (1) that CEPA does not protect wholly private grievances; and (2) that CEPA does not shield "vague and conclusory complaints." *Goode*, 2019 WL 6243156, at *15 (internal quotation omitted) (citing cases). Since *Estate of Roach* did not address either of these restrictions, the case did not hold that they are cabined to Section 3.c(3) claims. Consequently, Plaintiffs' primary argument for reconsideration fails.[2]

Plaintiffs also argue that the Court overlooked certain dispositive factual matters. (Pl. Brief at 10–21). However, Plaintiffs do not actually point to any factual matters the Court overlooked; rather, they assert that if the Court applied their preferred test for whistle-blowing, all of Goode and Pierce's complaints would be sufficient to survive summary judgment. As the Court will not be applying this lower standard, this argument also fails.

---

[2] Plaintiffs attempt to argue that CEPA does protect wholly private grievances, (Pl. Brief at 9–10), but again they are simply disagreeing with the Court's interpretation of certain cases, rather than identifying any controlling decisions the Court overlooked.

5

## IV. CONCLUSION

For the forgoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**. An Order follows.

Dated: 1/09/2020                                     /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge